GWIN, REID & TAYLOR *v.* THOMAS SELBY AND OTHERS.

Upon a hearing upon bill and answer, the answer will be taken as true in all points; and such answer cannot be contradicted except as provided in section thirty-one of the chancery act.

When a bona fide sale is made of the property of a firm by its members, before any proceedings either in law or equity are instituted by a creditor of the

firm, such creditor cannot, by any subsequent proceeding, acquire a lien upon the property thus disposed of.

As a general rule, a creditor of a firm has no lien upon the partnership property until acquired by process of law.

Where one member of a firm purchases goods or borrows money for the firm on his own credit, giving surety for the payment of the money or for the goods, and such money or goods go into and are used by the firm, and the surety has to pay as such, the firm may convey the goods of the firm to such surety in satisfaction for the money thus paid, and a creditor of the firm cannot set aside such conveyance merely because he was, at the time of such conveyance, a creditor of the firm.

IN Chancery. Reserved in the District Court of Gallia county.

The bill was filed February 1st, 1853, and states, in substance, that Selby and Shuck, as partners, are indebted to the complainants in the sum of $587.09, on a note of hand dated Nov. 26, 1851, payable to the order of complainants in six months ; that a suit at law had been brought upon said note on or about January 29th, 1853, and was pending; and that Selby and Shuck are possessed of a certain store of goods, and certain notes and accounts due them, and that they threatened to or were about to convey the same to John Frazee, for himself and James Salmonds, in fraud of their creditors, and without consideration.

The complainants pray for an injunction, discovery and relief.

The judge of the common pleas granted an injunction as prayed for.

It appears from the answers of Shuck, Frazee and Salmonds, that the latter two purchased the goods on the 26th of January, 1853, and the notes and accounts on the 27th of January, 1853, in payment of debts due them from the firm of Selby and Shuck. That a portion of the indebtedness to Frazee and Salmonds arose in this way : Thomas Selby, in behalf of Selby & Shuck, and Frazee and Salmonds, on 24th of January, 1852, borrowed from the Athens branch of the State Bank of Ohio, $700 ; Frazee received $200, Salmonds $200, and Selby $300 ; that said Selby, John Frazee and Salmonds, to secure said loan, drew their bill on Baltimore with sureties, payable at four months to Craw-

ford, cashier, for $700. The answer of Shuck avers that the $300 was obtained for and went to the use of said firm of Selby & Shuck. John Frazee and Salmonds had to pay the whole of said bill, and Selby never paid any portion thereof. This was done after several renewals, to which Selby was not a party.

On the 26th of January, 1853, there was due to Frazee and Salmonds, on this bank transaction, the sum of $309, including interest.

The answers further show that Selby also bought a stock of goods of one Hard, and that the goods came to the use and benefit, and became the property, of said firm of Selby & Shuck, for which Selby, on the 19th day of April, 1851, gave his three notes to Hard, with Frazee and Salmonds as sureties. Frazee was also a co-surety with one Ervin for Selby, on a small note given by him for his individual benefit to one Keenan. In consideration of the indebtedness arising out of the Athens bank loan, and on the said Frazee and Salmonds agreeing to pay the Hard notes and the Keenan note, and in consideration of fifty dollars by them paid to Shuck, these goods, notes and accounts of Selby & Shuck, were, at the dates above stated, transferred by Shuck to Frazee and Salmonds, while Selby was in California, and in ignorance of the transfer.

Selby did not answer, and the case went to hearing upon bill and answers of Shuck, Frazee and Salmonds.

*Alonzo Cushing,* for complainants.

One partner cannot apply the partnership effects in payment of his individual debts ; and his creditor, to whom such a transfer is made, cannot hold them against the firm, or the creditors of the firm. It is a fraud in both parties, in thus undertaking to misapply the assets of the firm to the benefit of one of its members. Colly. Part. 280 ; *Hope* v. *Crest,* 1 East Rep. 53 ; *Bourne* v. *Wooldridge,* 10 B. Monroe 492 ; *Miner* v. *Gaw,* 11 S. & M. 322 ; 11 U. S. Dig. 356, sec. 40 ; 9 U. S. Dig. 354, sec. 20.

The following authorities are sufficient to show that not only the note discounted at the Athens bank, but the note given to

Gwin, Reid & Taylor *v.* Selby et al.

Hard for the goods purchased of him, bound only Selby, and not the firm of Selby & Shuck. For all these debts, no one but Selby was liable; on none of them could a suit be maintained against the firm of Selby & Shuck, but only against Selby alone. Colly. Part. 863; *Tiffin* v. *Walker*, 2 Camp. Rep. 308; *Ernby* v. *Tye*, 15 East Rep. 7; *Graeff* v. *Hitchman*, 5 Watt's Rep. 454; *Bevan* v. *Lewis*, *Stokes* v. *Whitaker*, 1 Sim. 376, 2 Eng. Chan. Rep. 189; *Sefton* v. *Walker*, 1 Camp. Rep. 104; *Mason* v. *Ramsey*, Ib. 384; *Green* v. *Tanner et al.*, 8 Metc. Rep. 411; *Ostrom* v. *Jacobs et al.*, Ib. 454; *Evans* v. *Drummond*, 4 Esp. Rep. 93; *Springer* v. *Shirley & Hyde*, 11 Maine Rep. 204; *In re* Warren, Daw. Rep. 320; 10 U. S. Dig. 344, sec. 12; *Griffith* v. *Baffum*, 22 Verm. (7 Wash.) Rep. 181; 11 U. S. Dig. 356, sec. 43.

Lord Eldon in *Ex parte Emly*, 1 Rose 61, (Collyer on Part. 266, note d,) says that where goods are sold to A & B, and it is a part of the contract that A shall give bills of exchange, there the firm is not bound. So where a creditor having the note of a partnership, gives up that note and takes the note of a single member of the firm, he thus loses his right to look to the firm; his sole remedy is on the new note against the single partner signing it. *Arnold* v. *Camp*, 12 Johns. Rep. 409; *Waugh* v. *Caniger*, 1 Yerger Rep. 31.

See also *Tom* v. *Goodrich et al.*, 2 Johns. Rep. 213; *Murrill* v. *Niell*, 8 How. Rep. 414; *Bartres* v. *Tisdall*, 4 Barb. S. C. Rep. 571. A partner, who is also a creditor of the firm, cannot be paid until all other creditors of the firm are paid. 8 U. S. Dig. 295, sec. 71; *Simral* v. *O'Bunnon*, 7 B. Monroe 608; 9 U. S. Dig. 356, sec. 53; *Buchan* v. *Sumner*, 2 Barb. Ch. Reps. 165.

*L. Perry*, for defendants.

The sale of the goods to Frazee and Salmonds was *absolute* and bona fide, and for a consideration sufficient to vest them with the title.

The *facts* of the transaction will, in equity, control the *form*,

especially where there is a full recognition of the liability of the firm by the partners, and an actual payment, as in this case.

The assumption of the debts by Frazee and Salmonds, for the payment of which they were sureties, was a sufficient consideration for said sale to make it absolute. Said defendants at least had a right to receive said goods, as an indemnity against their liability as sureties. *Akinson et al.* v. *Tomlinson et al.*, 1 O. S. Rep. 237.

The notes and accounts must be treated as security for the excess of said defendants' liability as sureties over and above the goods, and they would be accountable for the residue, if there should be any. Ib.

The Athens bank debt and the Hard debt were not the separate debts of Selby; but were recognized and paid by the firm, by the transfer of the firm property, in good faith and without fraud, before any suit was instituted by the complainants.

Partnership creditors have no lien upon the property by the firm, either at law or in equity, and the preference that is given to them on *dissolution* grows out of an equity existing in favor of the partners among themselves. 11 Ohio Rep. 394.

A bona fide transfer of partnership property to a partner, and by him to a stranger, for a valuable consideration, passes both the legal and equitable title to the property against the creditors of the firm. Ib. 394, 411.

See Story on Part., sec. 358, and cases there cited. Sec. 97, note 1, sec. 326, note 1.

KENNON, J., delivered the opinion of the court.

Upon a hearing upon bill and answer, the answer will be taken as true in all points; and such answer cannot be contradicted, except as provided in section thirty-one of the chancery act.

When a bona fide sale is made of the property of a firm by its members, before any proceedings, either in law or equity, are instituted by a creditor of the firm, such creditor cannot, by any subsequent proceeding, acquire a lien upon the property thus disposed of.

As a general rule, a creditor of a firm has no lien upon the partnership property until acquired by process of law.

Where one member of a firm purchases goods or borrows money for the firm on his own credit, giving surety for the payment of the money, or for the goods, and such money or goods go into and are used by the firm, and the surety has to pay as such, the firm may convey the goods of the firm to such surety in satisfaction for the money thus paid; and a creditor of the firm cannot set aside such conveyance merely because he was, at the time of such conveyance, a creditor of the firm.

The bill must be dismissed with costs, saving such rights as the complainants may have to any surplus arising from the assets in the hands of the defendants, Frazee and Salmonds, after fully indemnifying themselves.