SCHMIDLAPP & BROS. *v.* S. D. CURRIE & CO.

1. PARTNERSHIP.   *Power to dispose of its property.*
   The general creditors of a firm have no lien on its assets, any more than ordinary creditors have upon the property of an individual debtor.   And the power of a firm to dispose of its property, all the members coöperating, is as unlimited as that of an individual.

2. SAME.   *Payment of individual debt.   Rights of creditors.*
   During the existence of a partnership which is neither bankrupt nor contemplating bankruptcy, one of the members of the firm may, with the consent of the other partner or partners, upon a *bona-fide* consideration, with no benefit reserved, assign and transfer the assets of the partnership in payment of his individual debt, if no lien has attached to such assets; and such transfer is good against the firm creditors.

3. SAME.   *Assets.   How applied.*
   The doctrine that firm assets must first be applied to the payment of firm debts, and individual property to individual debts, is only a principle of administration adopted by the courts where from any cause — as, dissolution of the firm by death, limitation, or bankruptcy — they are called upon to wind up the business of a partnership, and find that the members have made no valid disposition of, or charge upon, its assets.   The right of the firm creditors to demand the primary application of the firm assets to the payment of their debts is based upon the right of each of the partners to demand this, as against his copartners.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

The case is stated in the opinion of the court.

*Dabney & Cotton*, for the plaintiffs in error.

1. A firm is in law distinct from the members who compose it, and a transfer of firm property to pay the individual debts of a member of the firm is a voluntary conveyance, without any valuable consideration, and is void as to the existing partnership creditors. *Stegall* v. *Coney & Rice*, 49 Miss. 761; *Williams* v. *Gage*, 49 Miss. 777; Bump's Fr. Conv. 227, 381.

2. If a transfer is fraudulent, the creditors are not affected thereby, but may avail themselves of all the remedies for collecting their debts out of the property, as though the transfer had not been made. Bump's Fr. Conv. 453.

3. Partnership property is held by the members thereof in trust, first, for the benefit of creditors; second, for each other and their representatives. *Robertshaw* et al. v. *Hannay*, 52 Miss. 713.

4. The individual interest of the members of a partnership cannot be ascertained until the firm debts have been fully paid, and the assignment of the interest of a partner passes no more than what may remain after the partnership creditors have been paid off. *Gaines & Stegall* v. *Coney & Rice*, 51 Miss. 323; *Williams* v. *Gage*, 49 Miss. 777.

5. The retention of the possession of property by the vendor is a badge of fraud, and must be explained away by the party claiming under the sale. Bump's Fr. Conv. 63.

*Nugent & McWillie*, for the defendants in error.

If a partner mortgage his interest in his partnership property, the other partner cannot apply it to the discharge of the firm debts. *Mosely* v. *Garret*, 1 J. J. Marsh. 212.

The right to have partnership property applied to the payment of partnership debts is the right of the partners; and they may terminate the right at any time by a sale of the stock in trade by one partner to another. *Parish* v. *Lewis*, Freem. Ch. 299.

One member of a copartnership cannot be liable for the act or undertaking of another in a transaction not embraced in their original partnership .business, unless proof is adduced that he knew of the transaction and assented; if he did know of .the transaction and assented, he is bound. *Goodman* v. *White*, 25 Miss. 163; *Hotchin* v. *Kent*, 8 Mich. 526; *Cayton* v. *Hardy*, 27 Mo. 536; *Willis* v. *March*, 30 N. Y. 344; *Bell* v. *Taber*, 1 Grant Cas. 31; *Nicholas* v. *Hughes*, 2 Bailey, 109; *Scott* v. *Baudy*, 2. Head, 197.

When one partner uses the effects of the firm in the payment of his private debts, with the knowledge and consent of his copartner, an action by the firm for the price of these effects will be barred. *Carter* v. *Beaman*, 6 Jones L. 44.

CHALMERS, J., delivered the opinion of the court.

Harney and Washington were partners in a liquor saloon, the former having contributed the capital, and the latter his services. Harney, having become indebted to Odeneal, transferred to him in part payment of the indebtedness, and with the knowledge and consent of Washington, the entire business and stock of the partnership. Odeneal subsequently took in Currie as a partner, and the business was continued under the style of S. D. Currie & Co. The debt of Harney to Odeneal, which formed the consideration of the transfer, was the individual debt of Harney, for which neither Washington nor the firm of Harney & Washington, as a firm, were in any way responsible; but Washington assented to and acquiesced in the sale. After the sale, Schmidlapp & Bros., creditors of the firm of Harney & Washington, sued out a writ of attachment against them, and caused the same to be levied on their former goods, in the possession of S. D. Currie & Co., upon the ground that the transfer of the firm goods in satisfaction of the individual debt of one of the partners was fraudulent and void as against firm creditors.

Is the principle assumed a sound one? Is it true that partnership assets cannot, by the act or assent of all the partners, be-

assigned in liquidation of the private debt of one of the members, so as thereby to defeat the claims of firm creditors? The authorities on the question are divided, and in Bump on Fraudulent Conveyances it is broadly stated that such conveyances are voluntary, and void as to firm creditors; but it is doubtful, from the cases cited, whether the author is alluding to transfers made by one partner alone, without the assent of his copartners, or whether he embraces assignments participated in by the entire firm. If the former, the proposition is indisputable; if the latter, we think the sounder reasoning and the weight of authority are against him. We speak of cases like the present, where there is no pretense of actual fraud, and where there is no showing that the firm was at the time insolvent, though, according to some of the cases, the insolvency of the firm would not affect the result.

The firm creditors at large of a partnership have no lien on its assets, any more than ordinary creditors have upon the property of an individual debtor. The power of disposition over their property, inherent in every partnership, is as unlimited as that of an individual, and the *jus disponendi* in the firm, all the members coöperating, can only be controlled by the same considerations that impose a limit upon the acts of an individual owner, namely, that it shall not be used for fraudulent purposes. So long as the firm exists, therefore, its members must be at liberty to do as they choose with their own, and even in the act of dissolution they may impress upon its assets such character as they please. The doctrine that firm assets must first be applied to the payment of firm debts, and individual property to individual debts, is only a principle of administration adopted by the courts where from any cause they are called upon to wind up the firm business, and find that the members have made no valid disposition of, or charges upon, its assets. Thus, where upon a dissolution of the firm by death or limitation or bankruptcy, or from any other cause, the courts are called upon to wind up the concern, they adopt and enforce the principle stated; but the

principle itself springs alone out of the obligation to do justice between the partners.   The only way to accomplish this is to so marshal the assets that property which was owned in common shall be applied to the joint debts, and that which was separately owned shall be applied to the liabilities of its separate owner; so that neither class of creditors shall be allowed to trespass upon the fund belonging to the other, until the claims of that other shall have been satisfied.   This right of the creditors is, therefore, really the right of their debtors; and inures to them derivatively from the debtors.   Hence it is said that the lien or *quasi*-lien of the creditor "is worked out through the partners;" the meaning of which is that the firm creditors may demand the primary application of the firm assets to the payment of their debts, because each one of the partners would have a right to demand this as against his copartners.   It must follow, therefore, that if at a time when the firm was still in existence, when no legal liens of any sort had attached, when it was neither bankrupt nor contemplating bankruptcy, all the members have agreed to a particular disposition of its assets, and that disposition is neither colorable nor fraudulent — that is to say, is upon a *bona-fide* consideration, and reserves no benefit to the grantors — inasmuch as none of the partners can be heard to complain of such disposition, so none of the creditors of the firm, or of the individual members composing it, can question or attack it.

Conceding, as all the authorities do, that the firm creditors had no independent right to demand to be first paid, but derive that right solely through and under the right which the partners have to insist that this shall be done, it is impossible to see how the rule can be enforced where all the members of the firm have, before the dissolution, and without any ground to suspect fraud, given to the assets a different direction.

While some courts of high repute have taken a different view, we confess our inability to escape the logic of this proposition.

The courts of New York, New Hampshire, Illinois, and per-

haps other states, seem to have taken a different view of the question.

In consonance with our view are the following, among other, authorities: *Whitton* v. *Smith*, Freem. Ch. 231; *Freeman* v. *Stewart*, 41 Miss. 139; *Carter* v. *Beaman*, 6 Jones L. 44; *Rice* v. *Barnard*, 20 Vt. 479; *National Bank* v. *Sprauge*, 20 N. J. Eq. 14; *Allen* v. *Centre Valley Co.*, 21 Conn. 130; *Sigle* v. *Knox County Bank*, 8 Ohio St. 511; Ex parte *Ruffin*, 6 Ves. 119; *Campbell* v. *Mullett*, 2 Swans. Ch. 550.

Judgment affirmed.