No. 11,646.

JEWETT ET AL. *v.* MEECH ET AL.

PARTNERSHIP.— *Conveyance of Partnership Property.* — *Fraud.* — *Bona Fide Purchaser.*—*Notice.*—Where partners convey all the partnership property in payment of the individual debts of the partners, and it is afterwards conveyed to one who takes in good faith for value, without notice of any fraudulent intent, the property can not be subjected to the payment of partnership debts.

PRACTICE.— *Verdict.*—*Interrogatories to Jury.*—A general verdict for plaintiff can not stand against answers of the jury to interrogatories in conflict with it; and in such case the judgment should be for the defendant.

From the Huntington Circuit Court.

*L. P. Milligan, O. W. Whitelock* and *J. C. Branyan,* for appellants.

*B. M. Cobb* and *C. W. Watkins,* for appellees.

BICKNELL, C. C.—The appellants, in April, 1881, sold goods to Peter K. Meech & Brother. Afterwards Meech & Brother exchanged all their partnership property for real estate, known as the Antioch flouring-mills, and had the deed therefor made to William A. Meech in payment of their individual debts to him. This transaction left Meech & Brother without any property subject to execution.

William A. Meech conveyed the flouring-mills to William H. Meech, by whom they were conveyed to Elward & Kriegbaum.

The appellants, in October, 1881, obtained a judgment

against Meech & Brother for the value of the goods sold as aforesaid.

In July, 1882, the appellants brought this suit against the appellees, stating the facts aforesaid, and alleging that all of the foregoing conveyances were without consideration, and were made with intent to hinder, delay and defraud them and the creditors of said Meech & Brother, and that each of said grantees took his conveyance with notice of such fraudulent intent, and for the purpose of consummating it. The complaint prayed that said conveyances be set aside, and said real estate be declared subject to the lien of the plaintiffs' judgment.

The record states that the answers of the defendants Peter K. Meech, Benjamin Meech and William A. Meech are not on file. We decide nothing as to the effect of such an omission, because the judgment must be affirmed for the reasons hereinafter stated.

The defendants William H. Meech and Elward & Kriegbaum answered separately that they bought the flouring-mills for a valuable consideration and without notice of any fraud or of any equitable claim upon the property, and they denied all the other material allegations of the complaint. The plaintiff replied in denial of these answers.

The issues were tried by a jury, who returned the following verdict: " We, the jury, find for the plaintiff." There was no demand for a trial by the court, and there was no objection by either party to a trial by jury. Each party put interrogatories, which were submitted to the jury by the court, and which, with the answers of the jury thereto, were returned with the verdict. Among the answers are the following, and there are no others in conflict with them :

" Question. Did they (Peter K. Meech & Brother) on that day convey away all their partnership property and effects ? Answer. Yes.

" Question. To whom did they convey the same ? Answer. Henry and Lewis Bridge and William H. D. Lewis.

" Question. To whom did the Bridges convey the real estate taken in exchange for said partnership goods? Answer. William A. Meech.

" Question. For what consideration was that conveyance made, or for what price to William A. Meech? Answer. $6,000.

" Question. Was not said property accepted by the said William A. Meech for a good and valid consideration, and without any intention of fraud on his part? Answer. Yes.

" Question. Was not the Antioch mill property transferred to William H. Meech for a full and valid consideration? Answer. Yes.

" Question. At the time of the transfer of said property by William A. Meech to William H. Meech, had William H. Meech any notice of any equity or equitable claim on the part of the plaintiffs? Answer. No.

" Question. What consideration has William H. Meech already paid his father for said mills? Answer. Fourteen hundred dollars of mortgages on the mills, and supported his father and mother for fourteen months.

" Question. Were not the assumption of the liens against said property, and the contract to care for the maintenance and support of William A. Meech and his wife a fair and valid consideration for such conveyance? Answer. Yes.

" Question. Does not the evidence show that William H. Meech had no knowledge of any indebtedness of Peter K. and Benjamin F. Meech to plaintiffs at the time of the transfer of said property from William A. Meech to him? Answer. Yes."

The defendants William A. Meech, William H. Meech, William A. Elward and William Kriegbaum, severally moved the court for judgment in their favor on the answers to the interrogatories, notwithstanding the general verdict. These motions were sustained, and the plaintiffs recovered only a judgment against Peter K. Meech and Benjamin F. Meech

for the amount of their claim against them. The plaintiffs appealed. The evidence is not in the record.

The only errors assigned are, that the court erred in sustaining the several motions aforesaid for judgment, notwithstanding the verdict.

The only question is, are the answers to the interrogatories so inconsistent with the general verdict that they can not be reconciled therewith? We think they are. The general verdict implies that the fraud alleged was proved; the answers to the interrogatories show that such fraud was not proved.

A conveyance of real estate, for which a valuable consideration has been paid, can not be set aside for fraud without proof that the grantee was privy to the fraud. In the present case, the answers to the interrogatories expressly declare that William A. Meech took his conveyance for a good and valid consideration and without any intention of fraud on his part, and that William H. Meech took his conveyance for a full and valid consideration, and without notice of any equity or equitable claim on the part of the plaintiffs. A purchaser for a valuable consideration without notice can transfer a valid title.

The appellants seem to suppose that they had a lien on the Antioch flouring mills, because it was either partnership property or the proceeds of partnership property. But the "claim of the joint creditors is not such a lien upon the partnership property but that a *bona fide* alienation to a purchaser for a valuable consideration by the partners, or either of them, before judgment and execution, will be held valid. Upon a dissolution of the partnership, each partner has a lien upon the partnership effects, as well for his indemnity as for his proportion of the surplus. But creditors have no lien upon the partnership effects for their debts. Their equity is the equity of the partners operating to the payment of the partnership debts." 3 Kent Com. 65. *Trentman* v. *Swartzell*, 85 Ind. 443; *Barkley* v. *Tapp*, 87 Ind. 25. The same doctrine is asserted in Story on Partnership, section 358,

concluding thus: " It follows that those effects are susceptible of being legally transferred, *bona fide*, for a valuable consideration, to any persons whatsoever, and as well to the other partners as to mere strangers." See, also, *Lewis* v. *Harrison*, 81 Ind. 278; Lindley Partnership, 681; Story Partnership, section 97.

The court below did not err in sustaining the motions of the defendants William A. Meech, William H. Meech, William Elward and William Kriegbaum for judgment in their favor upon the answers to the interrogatories.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

