[Goldsmith v. Eichold Bros. & Weiss.]

# Goldsmith *v.* Eichold Bros. & Weiss.

*Bill in Equity by Partnership Creditor, against Surviving Partner and Purchasers of Partnership Property.*

1. *Lien of partnership creditor on partnership property; bar or estoppel against.*—A partnership creditor has no lien on partnership property for the payment of his debt, though a court of equity will enforce in his favor the lien which exists as between the partners themselves for the payment of debts, unless one partner has surrendered it, or estopped himself from asserting it; but no surrender or estoppel is created by the fact, that the deceased partner appointed the survivor his executor without bond, devising and bequeathing to him all the property and effects after payment of debts.

2. *Judgment against surviving partner, on partnership debt.*—If a partnership creditor sues the surviving partner individually, joining in the action another claim for which the defendant alone is liable, this does not show an election to treat it as an individual demand, nor estop him from afterwards asserting it as a partnership demand against the partnership assets.

3. *Limitation of action against surviving partner.*—A partnership creditor, having obtained a judgment against the surviving partner, is not barred from maintaining a suit in equity to reach and subject partnership assets, the partnership accounts not having been settled, until a bill for that purpose is barred; and in computing the statutory bar of such bill (Code, §§ 2263, 2632-3), six months after the grant of letters must be deducted.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WM. H. TAYLOE.

The bill in this case was filed on the 9th July, 1890, by Meyer I. Goldsmith, as a creditor of the late firm of A. & B. Moog, against said B. Moog, the surviving partner, and Eichold Bros. & Weiss and others; and sought to subject to the payment and satisfaction of complainant's debt against said firm certain real estate which had been used by the firm of A. & B. Moog in their business, though the legal title to the same was conveyed to the partners individually; and which Eichold Bros. & Weiss held as derivative purchasers for said B. Moog, the surviving partner. A decree *pro confesso* was entered against B. Moog. The other defendants filed a demurrer to the bill, assigning eleven separate grounds of demurrer. The chancellor sustained the demurrer generally, not stating any particular ground; and his decree is here assigned as error. The opinion states the material facts.

WM. E. RICHARDSON, and HENRY CHAEBERLAIN, for the appellant.—(1.) The bill alleges, and the demurrer admits,

that the property sought to be subjected is partnership property, and therefore subject to partnership debts, in preference
to the debts of the individual partners.   As against partnership creditors, the heirs, devisees or creditors of the individual
partners are held to be trustees of the property, and a court
of equity will enforce that trust.—*Offutt v. Scott*, 47 Ala. 104,
130; *Little v. Snedicor*, 52 Ala. 167; *Abernathy v. Moses*,
73 Ala. 381; *Brewer v. Browne*, 68 Ala. 210; *Espy v. Comer*,
76 Ala. 501; *Cannon v. Lindsay*, 85 Ala. 201; *Halstead v.
Shepard*, 23 Ala. 558–72; *Farley, Spear & Co. v. Moog*,
79 Ala. 148; *Fancher Bros. v. Furnace Co.*, 80 Ala. 481;
*Lang's Heirs v. Waring*, 25 Ala. 625; *Burwell v. Springfield*, 15 Ala. 273; *Rogers v. Batchelor*, 12 Peters, 221;
6 Johns. 34; 5 Cowen, 489; 7 Wend. 326; *Hutchinson v.
Smith*, 7 Paige, 26; Parsons on Partnership, * 113, * 430;
Story on Partnership, §§ 53, 60, 61; *Nall v. McIntyre*,
31 Ala. 532; 55 Miss. 597; 6 B. Monroe, 128.   (2.) The
complainants were partnership creditors, and the Mobile
Savings Bank was the individual creditor of B. Moog, the
surviving partner.   The power of a surviving partner to
mortgage the partnership property, even to secure the debts
of the partnership, has been doubted by this court.—*Espy v.
Comer*, 80 Ala. 333.   However that may be, all the authorities agree that his mortgage of the property as security for
his individual debt is fraudulent and void as against the partnership creditors.—*Offutt. v. Scott*, 47 Ala. 104; *Flack v.
Carron*, 29 Md. 311; *McNutt v. Story*, 39 Penn. St. 269;
*Witter v. Richards*, 10 Conn. 40; *Pierce v. Jackson*, 6 Mass.
242; *Adams v. Paige*, 7 Pick. 542; *O'Bannon v. Miller*,
4 Bush, Ky. 25; *Rabb v. Mudge*, 14 Gray, Mass. 534; *Black
v. Bush*, 7 B. Monroe, 210; *Coster v. Bank*, 24 Ala. 37;
1 Coll. Partnership, 186–90, notes; Lindley on Partnership,
577, 591; *Cannon v. Lindsay*, 85 Ala. 198; Bump on Fraud.
Conveyances, 229-30; *Wilson v. Robertson*, 21 N. Y. 587;
*Hartley v. White*, 94 Penn. St. 31; *Brutus v. Tisdale*,
4 Barb. 571; 2 Vesey, Jr., 244; *Elliott v. Stevens*, 38 N. H.
311; 21 N. H. 462; 16 N. Y. 484; 3 Barb. Ch. 48, 207;
52 N. Y. 146; 3 Biss. 122; 55 Miss. 597.   (3.) A purchaser
from the bank is chargeable with notice of the defect in its
title, and can not claim protection against the rights of partnership creditors.   Under the allegations of the bill, he is
chargeable with notice, both actual and constructive.—*Offutt
v. Scott*, 47 Ala. 104; *Dudley v. Witter*, 16 Ala. 664; *Corbitt
v. Clenny*, 52 Ala. 480; *Wallace v. Nichols*, 56 Ala. 321;
*Cresswell v. Jones*, 68 Ala. 420; *Brewer v. Browne*, 68 Ala.
210; *Thames v. Rembert*, 63 Ala. 561; Bump on Fraud.

Conveyances, 494; *Baker v. Bliss*, 39 N. Y. 70; 120 Mass. 120; 26 Texas, 551; 85 Ala. 198; 80 Ala. 333; 76 Ala. 501; 79 Ala. 148. (4.) The complainant's demand was a partnership debt, and it has not lost that character by his judgment against the surviving partner. Partnership debts are joint and several demands.—Code, § 2904. In a suit against the surviving partner, an individual demand against him might properly be joined.—*Offutt v. Scott*, 47 Ala. 104; *Alexander v. King*, 87 Ala. 642; *Hall v. Cook*, 69 Ala. 87; *Duramus v. Harrison*, 26 Ala. 326; *McCullough v. Judd*, 20 Ala. 703; 1 Chitty's Pl. 50; 1 John. Cases, 405; 2 Coll. Partnership, 1080-83; 1 Barn. & Ald. 29; 32 N. H. 167; 38 N. H. 311; 7 Paige, 26. (5.) The debt being reduced to judgment, the statute of limitations of six years is no bar.

PILLANS, TORREY & HANAW, *contra.*—(1.) A partnership creditor has no lien as such on the partnership property, but only an equity in the nature of a right to be subrogated to the right of the outgoing partner, or his representative, to marshal the partnership assets. The bill shows on its face that the dissolution of the partnership was accompanied by a *bona fide* transfer of all the outgoing partner's interest, effected by his devise of everything to his brother, who was appointed executor; and this left no right in the survivor to which a partnership creditor could be subrogated.—*Farley, Spear & Co. v. Moog*, 79 Ala. 148; *Levy v. Williams*, 79 Ala. 171; *Fitzpatrick v. Flannegan*, 106 U. S. 648; *Schmidlapp v. Currie*, 55 Miss. 597; *Evans, Fite & Porter v. Winston*, 74 Ala. 349; *Case v. Beauregard*, 99 U. S. 119; *Heylin v. Bradford*, 13 Ala. 837; Bates on Partnership, § 824; 95 Amer. Dec. 516; 56 Amer. Dec. 573; Story on Partnership, §§ 97, 326, 360. (2.) As the complainant's asserted right is derivative, it is necessarily barred when the principal right is barred; and the right of a partner to enforce a settlement and account is barred by the lapse of six years from the dissolution of the partnership.—*Bradford v. Spyker*, 32 Ala. 134; *Wells v. Brown*, 83 Ala. 161. (3.) The complainant's partnership demand, if any he had, is merged in his judgment against the surviving partner individually.—*Clark v. Taylor*, 68 Ala. 460; *Gaines v. Miller*, 111 U. S. 399; *Bell v. Hurst*, 75 Ala. 44; *Gant v. Reed Bros.*, 76 Amer. Dec. 99; *Bank v. Wheeler*, 73 Amer. Dec. 683; Freeman on Judgments, 215-16; Herman on Estoppel, § 176; Phil. Mech. Liens, § 295. (4.) The complainant elected to sue the surviving partner as an individual, to the detriment of the individual creditors; and he should be held estopped from now asserting

that his demand is a partnership debt, and entitled as such to share in the partnership assets.—*Leinkauff v. Forcheimer & Co.*, 87 Ala. 261; 76 Amer Dec. 94.

STONE, C. J.—In the authorized American edition of Lindley on Partnership, vol. 1, p. 2, are many definitions of the term partnership. Perhaps none of them will be found more precisely and comprehensively accurate than that of Chancellor Kent: "A contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions."—3 Kent's Com. 23. To constitute the relation *inter sese*, the contract must extend beyond a common agreement to share in the profits. It must equally bind the parties to bear the burden of the losses.—*McCreary v. Slaughter*, 58 Ala. 230; *Couch v. Woodruff*, 63 Ala. 466; *Mayrant v. Marston*, 67 Ala. 453.

Partnership is not necessarily an entire merger of the individual, his labor, energy, or estate, in the firm. The extent of the merger is determined by the agreement entered into, and the purpose the partners have in view. Anything left out of the partnership agreement and its views, whether it be money, property, labor or skill, pertains to the individual in as absolute right, as if there had been no contract of partnership. The merger of the individual into the firm or company extends to and includes every thing embraced, expressly or impliedly, in the terms of the agreement, and to that extent changes the character of his ownership. The individual parts with the separate right and power to manage, direct and control that of which, before that time, he had been supreme arbiter. His dominion was an integer. It becomes a fraction. He surrenders to the partnership an interest in his property, labor, skill, energy, one or more, as the agreement may bind him by express or implied stipulations, in consideration of a corresponding surrender, to like extent and for like purposes, by his co-partners. The agreement consummated, each partner becomes seized and rightfully possessed of the same interest in, and power over whatever has been contributed to the firm by his co-partners, as he retains in that contributed by himself. This, and no more.

These properties of partnership render it eminently a relation of trust. All its effects are held in trust, and each partner is, in one sense, a trustee; a trustee for the newly created entity, the partnership, and for each member of the firm, who thus becomes a beneficiary under the trust. He is more; he is a trustee, and a *cestui que trust*. A trustee, so far as his

own duties bind him; a *cestui que trust*, so far as duties rest on his co-partners. And it is sometimes said that each partner is both a principal and an agent; a principal, to the extent he represents his own interest, but an agent only so far as he represents his co-partners.

The first duty devolved by this trust on each of the partners is to apply the partnership effects to the payment of the debts of the partnership, and not to pervert them to individual uses or wants, without the consent of the co-partners. Any attempt to so pervert them, whether by private arrangement, or under judicial proceedings, can be intercepted by the non-consenting partners. This, on the plain principle that, being beneficiaries under the trust, they have a clear right to prevent its breach.

The trust goes farther. After discharging all the partnership liabilities, the *residuum* is still held in trust for partition or distribution among the several partners, according to their several interests. And the same rights and remedies exist to preserve, protect and secure the proper administration of the trust fund to this end, as are given in enforcing the payment of debts.

In administering the two remedies noted above, the court simply enforces a trust against property held in trust, and at the suit of one in whose favor the trust is declared to exist. It is only carrying out the intention which influenced the formation of the partnership. Each partner has the right to have the partnership debts paid with partnership effects, so as to relieve his individual property of the burden; and each partner has a clear right to his share of any surplus that may be left after paying the partnership debts. All men will assent to the soundness and justice of the principles stated above.

Partnerships are dissolved in various ways. Sometimes by voluntary agreement, and sometimes by a sale from one or more partners to others, or by a sale to strangers. In cases falling under either of these classes, there is generally no trust relation preserved, unless it is provided for in the terms of the dissolution or sale. The wants of this case do not require us to discuss this question.

Dissolution takes place, also, by the death of a member, and by bankruptcy, or insolvency. In cases falling within either of these classes, the affairs of the partnership are frequently wound up, and the effects and estates administered, in the courts of justice. Courts always have respect to the fiduciary rights and duties which subsist between partners, and, in the absence of special circumstances to vary the rule, will apply partnership effects primarily to partnership debts. This, because of the trust which subsisted between the parties. Hence,

[Goldsmith v. Eichold Bros. & Weiss.]

if the death of a member cause the dissolution, the representative or succession to his estate has the clear right to have the partnership effects applied to the payment of partnership debts, in preference to the debts of the survivor, and in like preference of any right he may assert to re-embark them in trade. And the insolvency of the deceased member does not vary the question. In the administration and settlement of a firm thus dissolved, the court will enforce the trust in favor of the deceased, or bankrupt member's estate, and apply the assets first to the payment of the partnership debts, but not because of any lien or right the creditor or creditors can assert. They have no such lien or right. It is their debtor's right to have the assets thus applied; and in enforcing that clear right, the benefit and preference accrue to the partnership creditor. It is thus that the court of equity, by a process of its own, works out the partnership debtor's *quasi*-lien in the prior payment of the partnership creditor's demand, while he himself has no lien, and can assert no claim to be a beneficiary under the trust.

The preferred payment being the result of the co-partner's lien, and not of the creditor's, it follows that, if the partner has done any act by which he surrenders his lien, or estops himself from asserting it, the creditor is equally barred or estopped. His *quasi*-lien being, at best, only the resultant of his debtor's lien, of course it can not exist, after the debtor has ceased to have any lien from which it could result. This is axiomatic.

The questions we have been considering have been often and learnedly discussed by courts and by text-writers. Possibly no clearer enunciation of the principles can be found than is shown in the opinion of Justice Matthews in *Fitzpatrick v. Flannagan*, 106 U. S. 648. We cite many authorities bearing on the question, without attempting to collate or classify them : *Pierce v. Pass*, 1 Por. 232; *Reese v. Bradford*, 13 Ala. 837; *Burwell v. Springfield*, 15 Ala. 273; *Halstead v. Shepard*, 23 Ala. 558; *Lang v. Waring*, 25 Ala. 625; *Offutt v. Scott*, 47 Ala. 104; *Little v. Snedecor*, 52 Ala. 167; *Levy v. Williams*, Ib. 171; *Evans v. Winston*, 74 Ala. 349; *Espy v. Comer*, 76 Ala. 501; *Espy v. Comer*, 80 Ala. 333; *Fancher v. Bibb Furnace Co.*, Ib. 481; *Cannon v. Lindsey*, 85 Ala. 198; Sto. on Partnership, §§ 97, 326, 360; Parsons on Part., p. *113; Lindley on Part., star pages 334, 351 *et seq.*, 548 *et seq.*; *Rogers v. Batchelor*, 12 Pet. 221; *Case v. Beauregard*, 99 U. S. 119; *Wilson v. Soper*, 13 B. Mon. 411; s. c., 56 Amer. Dec. 573, and note; *Menagh v. Whitwell*, 52 N. Y. 146; s. c. 11 Amer. Rep. 683; *Schmidlapp v. Currie*, 55 Miss. 597; s. c.,

30 Amer. Rep. 530, and note ; *Dob v. Halsey*, 16 Johns. 34; *Cram v. Cadwell*, 5 Cow. 489 ; *Evenghin v. Ensworth*, 7 Wend. 326; *Hutchinson v. Smith*, 7 Paige, 26 ; *National Bank v. Mitchell*, 20 N. J. Eq. 13; *Farley v. Moog*, 79 Ala. 148.

The firm of A. & B. Moog was composed of Abraham Moog and Bernard Moog. They were engaged in a mercantile business. They incurred a debt to Meyer I. Goldsmith, January 12, 1884, of twelve thousand five hundred dollars. Abraham Moog died February 23, 1884, leaving a will, which after his death was probated and established. Bernard Moog was named executor in the will, and relieved of the duty of giving bond as such. He qualified soon after his brother's death. The will contains this clause : "After payment of all my debts as above provided, I give and devise to my brother, Bernard Moog, all my property of every kind and description, real or personal, and mixed," &c., "to have and to hold to him and his heirs, in fee simple forever." The will contains no authority or power to continue the mercantile business after the death of Abraham Moog.

Bernard Moog did continue the business, employing therein the assets of the late firm of A. & B. Moog, until his business was broken up by attachments issued and levied January 12, 1885. In the mean time, on July 1, 1884, he incurred an additional debt to Meyer I. Goldsmith of six thousand dollars.

Abraham and Bernard Moog owned a valuable real estate which they used in connection with their business. The titles were made to Abraham Moog and Bernard Moog, their heirs and assigns, without any reference to their partnership name. In September, 1884, B. Moog executed twenty notes, payable to his own order at the Savings Bank of Mobile, each for the sum of twelve hundred and fifty dollars, the first due October 25, 1884, and the others in regular order at intervals of ten days; the last being due May 4, 1885. Contemporaneously with these notes he executed a deed of trust, conveying said real property to a trustee to secure the payment of said twenty notes. This property was finally disposed of in payment of said notes, and is now held and occupied in part by Eichold Bros. & Weiss, as derivative purchasers under said trust deed.

In January, 1885, Meyer I. Goldsmith instituted suit by original attachment against Bernard Moog, for the recovery of his combined claim of twelve thousand five hundred dollars, and of six thousand dollars; and in May, 1885, he recovered judgment for the amount of the two claims and interest. Out of the property attached, which was personal chattels, he realized less than five hundred dollars. The residue of the judg-

ment remains wholly unsatisfied; and Bernard Moog is insolvent.

The present bill was filed July 9, 1890. It seeks to subject the said real estate which had been used and occupied in the business of A. & B. Moog, to the payment of said partnership debt of twelve thousand five hundred dollars. It charges that the said twenty notes, given as they were after the firm had been dissolved by the death of Abraham Moog, were the individual debt of Bernard Moog, and hence could not be paid with partnership effects, until partnership debts were first paid. There was a demurrer to the bill which the Chancellor sustained; and from that ruling the present appeal is prosecuted.

The defense takes many forms. One contention is, that by giving and devising all his estate and effects to Bernard, the survivor, Abraham clothed him with the individual right and title to all the property of every kind which had belonged to the partnership, and thereby surrendered any lien he may have had to have the partnership effects applied to the payment of partnership debts. We will not say this could not have been done. Possibly a will containing an express waiver would have cut off the lien; and possibly, if it had directed or authorized a continuance of the business with the firm effects, and it had been so continued, this would have worked a surrender of the lien by necessary implication. But we need not decide this, as the will contains no such provision. On the contrary, it first directs the payment of all of testator's debts, and gives and devises to Bernard only the residue after the payment of the debts. There is nothing in this contention.

It is further contended that, by suing Bernard Moog as an individual, and obtaining judgment against him as an individual—particularly, by joining an individual debt of Bernard Moog in the same suit—Goldsmith has elected to treat his claim as an individual demand, and can not now be permitted to assert it is a partnership debt. There is nothing in this. After the dissolution of the partnership by the death of Abraham Moog, a joint action at law could not be prosecuted against them. Bernard, if sued at all, must needs be sued alone. It can not make any difference in principle that another claim is joined in the action, for which his deceased partner is not liable.—Code of 1886, §§ 2604–5, and notes.

The defense relies on the statute of limitations of six years. Abraham Moog died February 23, 1884. According to the averments of the bill, Bernard Moog qualified as his executor March 22, 1884. This suit was brought July 9, 1890—more than six years after he so qualified. The suit being against

[Goldsmith v. Eichold Bros. & Weiss.]

the living survivor, it is contended that it was barred under section 2632 of the Code. Such it surely would be, if that presented the whole merits of the contention.—*Bradford v. Spyker*, 32 Ala. 134; *Brewer v. Browne*, 68 Ala. 210 *: Wells v. Brown*, 83 Ala. 161. But it does not. It must be borne in mind that the rights of creditors to sue, in a case like this, are precisely the right of the survivor, or of the representative of the deceased co-partner, to compel a settlement of the co-partnership accounts and assets. Till that right is barred by lapse of time, the right of creditors is not barred. A suit, then, for the purpose of settling the partnership account, must be brought either by the personal representative of the deceased partner against the survivor, or by the survivor against the personal representative of the deceased partner. Instituted in either form, it is necessary that Abraham Moog's estate be represented by a personal representative. This, then, brings the case within section 2633 of the present Code, which provides, "The six months during which an exe-cutor or administrator is exempt from suit after the grant of letters, is not to be taken as any part of the time limited for the commencement of an action against him." In section 2263 it is provided, that "No suit must be commenced against an executor or administrator as such, until six months . . after the grant of letters testamentary, or of administration." If Bernard Moog were to sue as surviving partner, to have an account and settlement, Abraham Moog's estate must be rep-resented; and being himself the qualified executor, the ap-pointment of an administrator *ad litem* for and in the interest of the estate would become a necessity. So, if Bernard Moog were to sue as executor, the same necessity would arise for an administrator *ad litem*; for Bernard Moog could not represent the two antagonistic interests which would be presented. In either form, the six months exemption from suit must be ac-corded to the representative of Abraham Moog's estate, and this brings the time less than six years, from the death of Abra-ham Moog. The statute of limitations is no bar to the present action.—*Steele v. Steele*, 64 Ala. 438; *Allen v. Elliott*, 63 Ala. 432; *Espy v. Comer*, 76 Ala. 501.

The purpose of this suit being to subject lands to the pay-ment of a partnership liability, it would seem the legal title must be brought before the court. According to the aver-ments of the bill, the undivided half interest in the land is in the heirs at law of Abraham Moog, unless his will in favor of B. Moog changes the rule. We make this suggestion without intending to decide anything in regard to it.

Reversed and remanded.