SAMUEL A. WHITE v. EDWARD PARISH, ADM'R.

Where one partner sells his interest in the partnership property, *bona fide*, to his co-partner, upon the terms that his co-partner shall pay the debts of the firm, and pay him a certain price for his interest, the assets of the firm immediately become the separate property of the purchasing partner, discharged of any lien in favor of the partnership debts; and upon the decease of the purchasing partner, go to his administrator, subject to the ordinary rules of administration; and cannot be claimed by the selling partner, as surviving partner of the firm; nor can the latter claim that such assets shall be applied first to the payment of the partnership debts.

Appeal from Calhoun. Tried below before the Hon. Fielding Jones.

Petition filed Sept. 11th, 1854, as follows: The petition of S. A. White, of the county of Victoria and State of Texas, complaining of Edward Parish, of the county of Calhoun and State aforesaid, would represent unto your Honor, that the said Parish has undertaken, as administrator of Simeon F. Southern, to settle the unfinished business of a copartnership which heretofore existed between the said Southern and your petitioner; that he has taken the books and papers of said firm, together with all the effects belonging to the said firm, into his possession; and your petitioner complains that the said Parish is abusing the trust with which he is charged by the agency which he has undertaken; for your petitioner would represent unto your Honor, that the said S. F. Southern and your petitioner were doing

business in copartnership; that the said partnership was dissolved on the 3d day of July, 1853; that on that day the said partners agreed that the said Southern should close the unfinished business of the said partnership. Afterwards, to wit: on the      day of August, of the same year, the said Southern agreed with your petitioner to pay the debts of said firm, and to do all necessary to close the business, and to pay your petitioner four hundred dollars for his share of the profits in the business. Your petitioner would show, that the said Southern was prevented from performing his said agreement by his sudden death, which happened on the 20th September following, or about that time. The said Parish obtained letters of administration on the estate of said Southern, and as such claimed the right to settle the business of said firm of White & Southern, and all the privileges and advantages arising out of the contract; and has and still resists your petitioner's claim to settle the unfinished business of said firm, as surviving partner. Your petitioner would further show unto your Honor, that the said Parish having obtained the possession of the books and papers of the said firm, under the pretext of closing the business of the firm under the contract made with Southern, is abusing the implied trust with which he is charged; that he has even taken the assets or credits of the said firm as the private property of the said Southern; knowing, at the same time, that the debts of the said firm are unpaid, and that your petitioner is liable for the payment of the same. And your petitioner would further show that the said Parish, intending to defraud your petitioner, obtained an order of the County Court setting apart $2750 as allowance to the widow and family, out of the first money collected on the inventory or assets, well knowing that the credits of the firm of White & Southern were the only property except three hundred dollars, or about that amount, shown by the inventory; that the said Parish neglects and refuses to pay the debts of the firm, and pretends that the firm has no assets in his hands, but those set apart to the family and widow of the said Southern; whereas your petitioner charges, that the assets of the said firm were to a much greater amount than their liabilities. Your petitioner would further show that the neglect of the said Parish to pay the debts of said firm, as by his undertaking he should have done, and the non-application of the said funds of the firm, has been the cause of his being vexed and annoyed with a great number of suits by the creditors of the said firm, and that he

44

has been compelled to pay on account of said debts, a large amount of money as surviving partner, and that he is still liable to other creditors; to the damage of your petitioner in the sum of four thousand dollars. Wherefore your petitioner prays that the said Parish be made a party defendant; that he be cited to appear at the next Term of your honorable Court, and answer the allegations in the petition alleged; and on the final hearing of this cause, that he be adjudged to pay the debts of the said firm, and that he pay your petitioner the four hundred dollars due him by the contract of the said Southern, and for all damages sustained in the premises; for cost expended in this suit, and for general relief. As in duty bound will ever pray.

Defendant answered by general demurrer; plea that the property and effects in plaintiff's petition mentioned, are of right the property of this defendant, as administrator of the estate of Simeon F. Southern; plea of general denial; plea that if plaintiff had any claim against said estate, it had not been presented for allowance.

Spring Term, 1855. Amendment of petition as follows: In this case, the plaintiff, the leave òf the Court first had, comes and amends his petition, and says that the books and papers and other evidences of the firm are not in his possession, nor have they been since the date of the dissolution of the copartnership of White & Southern; but he says they are in the possession of the said E. Parish, the defendant in this case, and have been since the grant of letters of administration on the estate of said Southern aforesaid; and from the date of the said dissolution, until the grant of the said letters of administration to the said Parish, the said books, papers, &c., were in the possession of said Southern or his successors. Wherefore your petitioner does not know the precise amount of the liabilities of the said firm, or the amount of the credits, property and effects belonging to the said firm; but that he is informed and believes the amount of the assets belonging to the firm to be about three thousand nine hundred dollars, at the date of the dissolution of said firm; and at the same date, the liabilities were about the amount of twenty-three hundred dollars; leaving a balance in favor of the firm of about 1600 dollars. But your petitioner expressly charges, that when the said Parish came into the possession of the books and property of said firm, the credits on said books amounted to two thousand three hundred and fifty-two dollars, and that the goods and effects which came into the possession of

White v. Parish.

said Parish, belonging to said firm, amounted to fourteen hundred and fifty dollars ; total, three thousand eight hundred and two dollars say ($3802,) all of which your petitioner charges should, in equity and good conscience, be applied, first, to the discharge of the debts of said firm, and then to the payment of your petitioner his share of interest in the proceeds of said firm, and stipulated as per contract, at four hundred dollars.

Wherefore your petitioner prays as before, for the judgment of your honorable Court, decreeing that the said Parish pay the debts of said firm, and that he pay to your petitioner the said sum of four hundred dollars, as his interest in the proceeds of the business of said firm, and his damages and costs in this suit expended.

Same Term, defendant's demurrer to the petition overruled, and auditor appointed ; defendant excepting to the appointment of the auditor. Fall Term, 1855, defendant amplified his plea of special property, as administrator, and alleged that save and except in collecting said accounts and choses in action, (which are of right the property of defendant, as the administrator of the estate of Simeon F. Southern, deceased, as aforesaid,) so far as he has been able to collect the same, and in appropriating the proceeds of such collections, &c., as he was in duty and by law required to do, he has in no wise interfered with the business of said firm.

Same Term, ordered to be recommitted to the auditor, for additional report ; and continued. Spring Term, 1856, the auditor reported, simply, that by reference to the papers on file in the Hon. Probate Court, he finds that the said Parish, as administrator as aforesaid, has returned a list of claims from the books of White & Southern, amounting, in the aggregate, to the sum of $2,352 22, which list of claims, he finds, have been filed and returned as assets belonging to the estate of said S. F. Southern, deceased. At the trial, at Fall Term, 1856, plaintiff proved that the firm of White & Southern was dissolved, by mutual consent, in July, 1853 ; and that Southern was to close up the business and pay the debts ; and that subsequently, in August of same year, White sold out his interest in the business, property and effects, of said firm, to Southern ; that the agreement of sale was, that Southern was to pay the debts, and pay White $400 ; that Southern kept possession of the books and effects, after said sale, until his death, about the 20th Sept. 1853 ; that there was a credit entered on the books to plaintiff, for said

$400, which had not been paid. Plaintiff then proposed several questions to witness, as to the liabilities and assets of said firm, pecuniary condition of Southern, refusal of Parish to pay the debts of said firm, collection of debts due said firm by Parish, and what disposition he made of the money so collected; all of which questions were ruled out as irrelevant. Plaintiff proved that defendant was the administrator of Southern, and held and claimed the assets of the firm of White & Southern, as the property of the estate of said Southern, and resisted plaintiff's claim to the possession thereof as surviving partner.

At defendant's request, the Court charged the jury, that if they believed from the evidence, that plaintiff sold his interest in the partnership of White and Southern to Southern, in his lifetime, they must find for the defendant.

Verdict and judgment for defendant. Motion for new trial overruled, &c.

*S. A. White,* for himself. (The Reporters found no brief for appellant, in this case; nor in the preceding case of Peck v. Hensley.)

*A. S. Cunningham* and *J. J. Holt,* for appellee. In *Ex parte* Williams, 11 Ves. 3, it was held, that the right to apply partnership property to the payment of joint debts, only existed as between the partners themselves; and that it was competent for the partners to say that this equity should no longer exist; that a sale of the stock in trade by one partner to another, put an end to that equity, and that the joint property thereafter became the separate property of the purchasing partner, and was not liable, in his hands, to the claims of the joint creditors. The same doctrine was held in *Ex parte* Ruffin, 6 Ves. 119; also by Buckus, Chancellor, in the case of Parish v. Lewis, 1 Frem. Ch. R. 299.

WHEELER, J. The petition alleges in effect, and the evidence establishes indisputably, that the plaintiff, after the dissolution of the partnership between himself and Southern, sold to the latter his interest in the partnership effects. Those effects thereby became the individual property of Southern; and upon his decease, they were assets in the hands of his administrator. Neither the plaintiff nor the creditors of the firm retained any interest in,

or lien upon, them as partnership effects. The interest of the plaintiff was extinguished by his transfer of that interest to his co-partner; and the effects becoming thereby the individual property of the latter, they were liable to the same disposition, subject to like charges as his other individual property. Upon the voluntary dissolution of a partnership, it is competent for the partners to agree that the joint property of the partnership shall belong to one of them; and if that agreement be *bona fide,* and for a valuable consideration, it will transfer the whole property to such partner free from the claims of the joint creditors. While the partnership is solvent and going on, it is well settled the creditors have no equity, strictly speaking, against the partnership effects. Neither have they any lien on the partnership effects for their debts. All that they can, or may do, is to proceed by an action at law for their debts, against the partners; and having obtained judgment therein, they may cause the execution, issuing upon that judgment, to be levied upon the partnership effects, or upon the separate effects of each partner, or upon both. There being, then, no lien and no equity in favor of the creditors against the partnership effects, until such execution is levied upon them, it follows, that those effects are susceptible of being legally transferred *bona fide,* for a valuable consideration, to any person whatsoever; and as well to the other partners as to mere strangers. (Story on Partnership, Sec. 358; *Ex parte* Ruffin, 6 Vesey, 119; *Ex parte* Williams, 11 Id. 3.) It is manifest, therefore, from the platntiff's own averments, that he had no right of action to subject the property to the payment of the partnership debts. It was rightly treated by the defendant as the individual property of the deceased partner, and subject to administration as such. If the plaintiff was compelled to pay the debts of the firm, he had his recourse, under his agreement with his co-partner, against the estate of the latter. But he manifestly had no right of action against the defendant personally. There is therefore no error in the judgment, and it is affirmed.

Judgment affirmed.