HENRY GRABENHEIMER ET AL. V. RINDSKOFF BROS. ET AL.

(Case No. 5395.)

1. INTERVENTION — ATTACHMENT.— A subsequent attaching creditor may intervene in order to have the judgment of a previous attaching creditor set aside on the ground of fraud, and this without being required to execute bond,— though a failure on the part of the intervenor to allege the insolvency of the debtor would be fatal to his petition.

2. PARTNERSHIP.— One who holds out to another person a third party as his partner is liable to such person for debts contracted by the supposed partner in the course of the legitimate business of the supposed firm, after the acts which induced the belief that a partnership existed.

3. SUBROGATION — EQUITY. — Equity subrogates a partnership creditor to the partner's right to have the partnership property applied to the payment of the partnership debts. This right of subrogation applies only where there is a real partnership.

APPEAL from Houston.    Tried below before the Hon. J. M. Maxcy, Special Judge.

February 1, 1882, Meyer and Henry Grabenheimer, the latter being surety, executed and delivered to S. Gumbel & Co., of New Orleans, La., two notes of $2,500 each, payable six and twelve months after date, respectively. On December 30, 1882, Henry Grabenheimer sued Meyer on the first note, which he alleged he had paid to Gumbel & Co., and on the same day Gumbel & Co. sued on the second note against Meyer as principal and Henry as surety, and attachments were sued out in each case against Meyer and levied on a store-house and lot and stock of goods at Crockett as the property of defendant. A few days after, the appellees, consisting of four firms, sued out attachments against Meyer Grabenheimer and Henry Gernsbacher as partners doing business under the firm name of M. Grabenheimer & Co., on alleged partnership debts aggregating $1,430, and levies were made on the stock of goods already seized under the two former writs against M. Grabenheimer. Orders of sale were issued under all the writs, and the goods brought at sheriff's sale $2,885, and the proceeds were deposited with the clerk of the district court.

On March 9, 1883, H. Grabenheimer and S. Gumbel & Co. recovered judgments against M. Grabenheimer for the amounts of the notes sued on, with interests and costs, and foreclosing their attachment liens; and appellees also obtained judgments, respectively, against M. Grabenheimer and H. Gernsbacher as composing the firm of M. Grabenheimer & Co., with foreclosure of attachment liens.

On March 23, 1883, appellees, as judgment creditors of M. Grabenheimer & Co., joined in a petition and motion in the district court against Henry Grabenheimer and Gumbel & Co. and the clerk of the court for a decree establishing their right to be first paid out of the said fund, and requiring the clerk to pay the judgments in full, upon the grounds (1) that the goods belonged to M. Grabenheimer & Co., and they as partnership creditors had preference; and (2) that the debts and judgments of the other parties were fraudulent. The petition was not sworn to, and no bond was given.

The clerk, on April 2, 1883, answered by asking that the parties interplead and for directions for the distribution of the funds. The other defendants answered by general and special exceptions, denying that H. Gernsbacher had any interest in the goods or that he and M. Grabenheimer were partners, and denying all fraud and asserting a prior lien, and praying in reconvention for damages.

Defendants' exceptions were overruled, and judgment rendered for plaintiffs establishing a preference as partnership creditors, and

requiring the clerk to pay their judgments, with accrued interest and costs, out of the proceeds of the attached goods, and directing the clerk to hold the balance to await the decision of a similar motion in favor of L. & H. Blum. The court found in favor of defendants on the issue of fraud.

The plaintiffs below were the firms of Ulman, Lewis & Co., of Harris county, who had a judgment against M. Grabenheimer & Co. in the county court of Houston county for $257; Rindskoff Bros. & Co., of New York, who had obtained a similar judgment in the district court of Houston county for $892.30; O. A. Deland, who had a judgment from a justice's court of Houston county for $95; and L. Hulpin & Co., who held a judgment from the same court for $185.

*J. R. Burnett*, for appellants, that an allegation of insolvency was necessary and its omission fatal, cited: White v. Parish, 20 Tex., 693; Story on Partn. (7th ed.), sec. 358; 5 Wait's Act. and Def., 148; Scudder v. Delashmut, 7 Ia., 39.

That a clerk receiving a share of profits in lieu of salary is not a partner, he cited: Cothran v. Marmaduke, 60 Tex., 370; Goode v. McCartney, 10 Tex., 195; 5 Wait's Act. and Def., p. 111.

That the right of a creditor to be subrogated to a partner's rights exists only when such person is a real partner, he cited: 2 Lindley on Partn. (Ewell's ed.), 681; Story on Partn. (7th ed.), sec. 360, and notes.

*D. A. Nunn*, for appellees, cited: Cushing v. Smith, 43 Tex., 261; Parsons on Cont., vol. 2, 158, 159, 171; Greenl. Ev., vol. 2, 483; Smith's Mercantile Law, 50; Crozier v. Kirker, 4 Tex., 259; Abb. Dig., vol. 3, pp. 400 and 37; 1 Cisc. (R. I.), 1813; Rodgers v. Nichols, 20 Tex., 724; Converse v. McKee, 14 Tex., 30, 31; Gaut v. Reed, 24 Tex., 54; 9 Wall., 175; Bayard v. Lombard, 9 How., 530; Pulliam v. Osborne, 17 How., 471; Freem. on Executions, secs. 446, 447; Stubbs v. Walker, 25 Am. Dec.

DELANY, J. COM. APP.— The first assignment of error is that the court erred in overruling the exceptions of the defendants to the petition and motion of plaintiffs.

One of the grounds of objection to the petition and motion of the plaintiffs was that it was not sworn to, nor was any bond given. It would seem from the weight of authority that a subsequent attaching creditor may intervene in order to have the judgment of a pre-

vious attaching creditor set aside on the ground of fraud — even without giving bond. See Peters Furnishing Co. *v.* Dickey, and authorities cited, 4 Tex. Law Rev., 303.

Another ground of exception to the petition was the want of any allegation that the firm of Grabenheimer or its members were insolvent. This, in our opinion, is a fatal objection to the proceeding. There were only two grounds presented in the petition for the interference of the court. The first was that the judgments were fraudulently obtained; and the second that the plaintiffs were the partnership creditors of Grabenheimer & Co., while the defendants were the separate creditors of Meyer Grabenheimer. The court found against the fraud — thus disposing of the first part of the case.

As to the second question presented, we have only to say that it was a matter of no consequence whether the plaintiffs were partnership or separate creditors unless the supposed partnership was insolvent. White *v.* Parish, 20 Tex., 693; Story on Partn., sec. 358.

The finding of the court upon the subject of the partnership is not very clear; nor does the evidence clearly establish the existence of a partnership in fact between Meyer Grabenheimer and Gernsbacher. The court seems to find, and we think properly from the evidence, that they should be treated as partners as to third persons — that is, as to persons who traded with them as partners, and who were induced to regard them as such by their representations and course of dealing.

The evidence seems to show that, although Gernsbacher was probably not a member of the firm, yet Grabenheimer held him out to some persons as such, and permitted him to trade with them as such. Now, as to such persons, Grabenheimer would not be permitted to deny the existence of the firm, and he would be liable to them for any debt created by Gernsbacher in the legitimate business of the firm. Let us illustrate. Suppose that B. is in fact a clerk of A., yet A. permits him to represent himself as a member of the firm of A. & B., and to contract debts with C. upon the credit of the supposed firm. Now, as against C., A. cannot dispute the existence of the firm or deny his liability for the debts.

To permit A. to do so would be to practice a fraud upon C., and hence he is estopped. But this estoppel would not affect any one but himself. Let us suppose that D. is an antecedent creditor of A. He is not estopped to deny the partnership unless he has taken some part in the fraud; and as to him C. would have no preference whatever.

In fact, the supposed preference which partnership creditors are

said to have over the separate creditors of the partners is derived from the rights of the partners themselves. Each partner is said to have a right to demand that, in case of the solvency of the firm, the partnership property shall be applied to the partnership debts. And equity subrogates the partnership creditors to these rights of the partners.

Unless, therefore, there is a real partnership, there can be no right of preference to which the partnership creditors can be subrogated. Story on Partn., secs. 357–360.

If Gernsbacher was in fact a clerk, and was receiving a certain portion of the profits in lieu of a salary, then he was not a partner. Cothran v. Marmaduke, 60 Tex., 370.

There are some minor matters which should be noticed. The court gave judgment for the costs incurred in the preceding suits brought by the plaintiffs. These were neither alleged nor proven, and should not have been adjudged against the fund in this case.

The same may be said of the order made in favor of L. & H. Blum.

Our opinion is that the judgment should be reversed and the cause remanded.

                         Reversed and remanded.

[Opinion adopted April 24, 1885.]