### I. GOLDMAN v. M. MARCUS.

#### (No. 2951.)

APPEAL from Wichita County. Opinion by HURT, J.

*(Transferred from Austin.)*

W. W. FLOOD and A. K. SWAN, counsel for appellant.

R. COBB and S. T. MILLER, counsel for appellee.

§ **208.** *Copartnership; dissolution of; division, collection, etc., of accounts of; case stated.* These parties were partners in the mercantile business, appellee having one-fourth interest in the same. Some time in 1883, and prior to November, they dissolved partnership, and the accounts due the firm were left with appellant, Goldman, for collection for one year from November 23, 1883. Appellant executed to appellee notes for the whole of the latter's interest, with an agreement that at the end of the year the notes were to be credited with one-fourth of the uncollected accounts. In 1884 appellee sued Goldman in the county court of Wichita county for the collection of such notes as had not been paid. Appellant defended that suit upon the grounds that a large lot of the accounts were not collectible, and as to $1,983.50 the defense

was sustained, and an undivided one-fourth interest of that sum was awarded to appellee, and appellant was credited with that amount on the notes. On the 10th December, 1886, appellee instituted this suit, based upon two grounds: (1) That appellant had failed to comply with said payment, and hence had converted said accounts to his own use; (2) that appellant had collected part of said accounts, and refused to account to appellee for same; and by his negligence had failed to collect the remainder, by reason of which they had been lost. Defendant answered by general and special demurrers, general denial and the statute of limitations; also special answer and offer to comply with said judgment. The case was tried by the jury and resulted in a verdict and judgment for plaintiff for $250 and costs, and Goldman appeals.

We have not the time now, nor do we think it necessary, to discuss all the questions presented by counsel. We think the following proposition will suffice to settle the case. The judgment rendered in 1884 simply adjudged that appellee was entitled to one-fourth interest in the debts due the firm, and that portion of the judgment commanding appellant to transfer the undivided one-fourth interest in said accounts was surplusage. It was not intended to direct appellant to transfer the possession of the accounts, nor that he should write upon each account, "an undivided one-fourth of this account transferred to M. Marcus." By the partnership Marcus was entitled to one-fourth interest, and not by the judgment. In the judgment of 1884 Marcus recovered $77.35, and this court did not reverse, because it decreed an undivided one-fourth in the accounts to Marcus, and directed appellant to transfer that interest to him, because neither party would or could be injured. This part of the judgment was considered surplusage, and harmless. It is not in the power of the court to take from a former partner accounts of evidence of indebted-

ness and give them to the other. A receiver may be appointed under such circumstances, but in this case Goldman certainly had as much right to these accounts as Marcus. Our conclusions are that the plaintiff cannot recover upon the first ground stated in his petition. There was no conversion of the accounts to his own use, because he failed to transfer the one-fourth interest; nor was there conversion of the accounts, because he failed to deliver an undivided one-fourth interest to appellee. This was impossible, unless in kind, and in this manner the appellant offered to transfer. Now, if the case had been tried·on the second ground relied upon in the petition, and upon that ground alone, we would then determine whether it had been properly tried, and, if it had, the judgment would be affirmed if the evidence supported it; but both causes of action were submitted to the jury, and there was evidence in support of both. This being so, we cannot determine upon which the verdict was rendered. We have carefully examined this record, and conclude that plaintiff can recover upon proof: (1) that appellant has collected money due the firm, and has refused to pay him his share; (2) that by the negligence of appellant collectible debts have been lost. We will state that we fail to find evidence of commingling of the firm accounts with those of appellant, if such could be the case.

January 31, 1891.          Reversed and remanded.