**BROWN v. CASSIDY-SOUTHWESTERN COMMISSION CO. (No. 9381.)**

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 30, 1920.)

**1. Pleading ⟝228—Omission in answer cured by amendment not ground for exception.**

Exception because of original answer not giving the Christian names of individuals was

properly overruled; the omission having been corrected by amended answer.

**2. Pleading ⟝4—Absence of indorsement showing character not fatal.**

That an answer was without indorsement showing its character, is not ground for reversal, it on its face adopting the answer of another, and thus clearly indicating the claim of firm ownership of funds garnisheed as those of an individual.

**3. Garnishment ⟝204—Third person may intervene and claim fund.**

A third person, as a partnership composed of the judgment debtor and others, may intervene in garnishment proceedings, without being impleaded by garnishee, and set up and have adjudicated a claim to the fund.

**4. Partnership ⟝208(1) — Partnership fund not subject to garnishment for individual debt of member.**

A partnership fund is not subject to garnishment for the individual debt of a member of the firm, especially where the firm's assets are insufficient to satisfy its debts.

**5. Garnishment ⟝32—Debt due one as trustee not subject to his individual debt.**

Debt due one as trustee is not subject to garnishment for his individual debt, though his creditor has no prior notice of the trust.

**6. Garnishment ⟝62—Funds of joint undertaking not liable for individual debt.**

Even if a joint undertaking, whereby two persons were to furnish money, and a third, M., was to buy and sell hogs, and the three divide profits equally, did not constitute a partnership, the proceeds of a sale are not subject to garnishment for an individual debt of M.; his interest in the funds being contingent on there being a profit, determinable only after settlement of the indebtedness of the joint undertaking.

**7. Trial ⟝219—Instruction submitting issue need not define word unnecessary to determination.**

The legal question being whether certain funds were subject to garnishment for debt of an individual, depending on the issue whether a certain arrangement had been made, whether or not that arrangement created a partnership or a mere joint undertaking, it was not necessary in submitting the issue to define a partnership.

**8. Trial ⟝194(9), 240—Requested charge as to partnership held argumentative and on weight of evidence.**

Requested charge, that a partnership is not to be determined by the fact that parties or witnesses called the relation such, but by the facts testified to as to the arrangement and contract, and that a mere interest in profits does not make parties partners, is argumentative and on the weight of the evidence.

**9. Garnishment ⟝225—Costs of unsuccessful claimant not to be adjudged against plaintiff ultimately unsuccessful.**

Costs of an unsuccessful claimant in garnishment should not be adjudged against plain-

tiff in garnishment, though he is unsuccessful because of the claim of another (Rev. St. art. 2031).

### 10. Appeal and error ⚙️239—Motion to retax not necessary for complaint of error of judgment adjudging costs.

Motion to retax costs below is not necessary to allow complaint on appeal of error in the judgment of the court below in adjudging costs.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Garnishment by L. W. Brown against the Cassidy-Southwestern Commission Company. From an adverse judgment, plaintiff appeals. Reformed and affirmed.

C. A. Wright, of Ft. Worth, for appellant. McCart, Curtis & McCart, of Ft. Worth, H. C. Ray, of Idabel, Okl., and Chas. Kassel, of Ft. Worth, for appellee.

CONNER, C. J. This appeal is from a judgment in a garnishment proceeding. The record shows that appellant had secured a judgment against one J. A. Moore for $538, and caused the issuance of a writ of garnishment to be served upon the Cassidy-Southwestern Commission Company. The commission company answered that it had, in its hands the sum of $538 to the credit of J. A. Moore, which was deposited with its answer in court, and had been informed that the Guaranty State Bank of Mt. Pleasant, Tex., claimed the same, and prayed that both Moore and the bank might be cited, to the end that the true ownership of the fund might be established. Both Moore and the bank answered, the bank claiming the fund as the proceeds of certain personal property sold by Moore, upon which it had a mortgage. Moore answered to the effect that the fund belonged to a partnership composed of himself and George Bernard and Sam R. Harper. Later George Bernard and Sam Harper intervened, and adopted the answer of J. A. Moore. The plaintiff in the garnishment, L. W. Brown, presented a number of exceptions, excepted to the plea of intervention, and has prosecuted the present appeal from the judgment which was the result of the trial.

[1, 2] The failure of the defendant Moore in his original answer to give the Christian names of Harper and Bernard was corrected in his amended answer, so that the exception to the pleadings on that ground was properly overruled. Nor does the fact that the answer of Harper and Bernard was without indorsement showing its character constitute reversible error. While the answer should properly have been indorsed as such or as a plea of intervention, it nevertheless on its face adopted the answer of J. A. Moore, which set up the partnership character of

the fund, and thus clearly indicated the claim of the partnership.

[3] The demurrers, however, as also a number of the assignments of error relating to the verdict and judgment, present two material questions. They are:

(1) May a partnership be permitted to intervene in a garnishment proceeding and claim the fund in controversy?

(2) May partnership funds in the hands of a garnishee be appropriated to the satisfaction of the individual debt of one of its members?

The effect of the answer of the jury to the only special issue submitted was that J. A. Moore, Sam Harper, and George Bernard constituted a partnership. There was evidence tending to show that Moore, Bernard, and Harper had for several years been operating under an arrangement by which Harper and Bernard were to furnish the money, Moore to do the buying, selling, and feeding of live stock, and the profits of the business to be divided one-third to each. There was further evidence to the effect that the fund in controversy arose from a sale of certain hogs purchased and sold to the commission company by Moore, pursuant to the arrangement mentioned, and that the partnership was indebted in a sum in excess of its assets.

Under such circumstances, we think both questions above stated must be determined against the appellant. In Turner v. Wade, 48 S. W. 542, it was expressly held that a third person, claiming property attached by garnishment, may intervene in the proceedings without being impleaded by the garnishee. It was said, which is undoubtedly true under our statutes, that the garnishee has the right to implead persons claiming a fund in his hands so as to relieve himself from the effect of a judgment against him, and that, while such third person was not bound to do so, nevertheless, having an interest in the fund, he might intervene, set up his claim, and have it adjudicated. We approve the practice as in aid of the equitable rule to avoid multiplicity of suits, and therefore hold against appellant's contention to the effect that the partnership named should not have been permitted to intervene. See Foy v. Bank, 28 S. W. 137; Kelley Grain Co. v. English, 34 S. W. 651.

[4] We think we must also hold, in answering the second question above stated, that under the circumstances shown in this case the fund in the hands of the garnishee, the commission company, was not subject to appellant's garnishment. As already stated, the evidence and verdict supports the contention that the fund in controversy belonged to the partnership of Moore, Harper, and Bernard, and it was said in the case of Raley v. Smith, 73 S. W. 54, being an opinion in the

---

⚙️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Court of Civil Appeals of the Third District, that—

"The decided weight of authority is to the effect that a debt due to a partnership cannot be garnished for the individual debt of a member of the firm."

Quite an array of authorities is cited in support of the proposition quoted, and we need not repeat them here, as by a simple reference to page 56 of the report named, from which we have taken the quotation, the authorities may be seen. In addition to these, we have examined a number of others, and find them in harmony with this pronouncement of the Court of Civil Appeals. This holding is predicated upon the theory that the assets of the partnership constitute a trust fund for the satisfaction of the partnership creditors, and that until the settlement of the partnership business it cannot be affirmed that an individual partner has any specific interest that may be appropriated to his individual debt. As said in 12 R. C. L. p. 794, par. 24:

"The process of garnishment is not adapted to secure an interest in property to the possession and enjoyment of which the defendant may never succeed. Hence, an uncertain or contingent interest, incapable of just appraisal, and possibly of no value, is not subject to garnishment."

The general rule would seem to be emphasized in this case, in that there is evidence tending to affirmatively show that the entire assets of the firm of Moore, Harper & Bernard are insufficient to satisfy the partnership creditors.

[5] In this connection, we notice appellant's contention that, inasmuch as the hogs, from which the fund arose, had been purchased and sold in Moore's individual name, without notice on the part of the partnership of any claim, the interveners and Moore are estopped to assert any right in the fund. In answer to this contention, it may be said that we find no formal plea of estoppel, but if one had been presented it would not be available. In 6 Corpus Juris, p. 206, § 376, it is said:

"Where a defendant holds the title to property merely as a trustee, it is not subject to attachment for his debts, notwithstanding the fact that the attaching creditor had no notice of the trust prior to his attachment."

[6] It is also insisted in behalf of appellant that the facts fail to show a partnership, but rather that Moore was entitled to a one-third of the profits as compensation for his services. We do not think the contention strengthens appellant's case. As said in the authority from which we have just cited (section 377):

"In determining whether or not the contractual interest relative to property is of such nature as to be attachable, each case must be governed by its own facts. It would seem, however, that when a debtor's pecuniary interest in property is dependent upon a mere contingency, it is not attachable, and this is apparently true, even though the debtor is entitled to defend his possession against a wrongdoer or intruder."

In note 77 to the section just quoted, authorities are cited to the effect that neither "the interest of an agent to sell, who is to have as his commission all the property which he sells for above-specified prices," nor "the interest of one whose compensation is to be a certain per cent. of the profits of the business," is attachable on the ground evidently that the interest of the debtor is dependent upon a mere contingency. Therefore, as applied in this case, whether Moore's interest was that of a partner or merely to participate in the profits is immaterial. In either case, his interest is wholly contingent. There can be no profits until after the settlement of the indebtedness of the joint undertaking.

[7, 8] We do not think the failure of the court to include in his charge a definition of a partnership reversible error. The charge as submitted consisted of a single special issue, inquiring whether, as alleged, an arrangement had been entered into between Moore, Bernard, and Harper by which Bernard and Harper were to furnish the money, Moore to buy the hogs, etc., and the profits to be divided one-third to each. The jury answered the issue in the affirmative without stating whether such a relationship constituted a partnership or not. That was a question as one of law, and the inquiry was not made of the jury, and from what we have already said it is immaterial, we think whether the interest of Moore in the fund was that of a partner, or whether his interest was in the profits. In either event, his interest was contingent, and the evidence is such as that we must impute a finding on the part of the trial court to the effect that there will be no profits. The special charge requested by appellant on the subject was argumentative and on the weight of the evidence, in that it was therein declared that—

A "partnership is not to be determined by the fact parties or witnesses called the relation a partnership, but by the facts themselves testified as to the arrangement and contract by which they were handled. A mere interest in profits does not make parties partners."

[9, 10] The foregoing, we think, disposes of all the material questions presented by appellant, except the last, which complains of the action of the court in adjudging the costs of the Guaranty State Bank against him. We think this assignment is well taken. Our statute provides (article 2031) that—

"Each party to a suit shall be liable for all costs incurred by him; and, in case the costs

cannot be collected of the party against whom the same have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more."

As already shown, the Guaranty State Bank answered to the citation, appeared and claimed the fund in controversy. The judgment was against the bank, and in favor of appellant on the issue the bank presented. Therefore, under the statute quoted, the costs of the bank should have been taxed against it, and not against appellant. Appellee insists that the objection is not now available, in that the record fails to show that appellant made a motion to retax the costs in the court below. The error, however, is not one of taxation, but is inherent in the judgment itself, and by the motion for rehearing the court's attention was called to the error, and we cannot assume that no costs of the bank has been or will not be taxed against appellant. The error, however, we think will not be ground for reversal of the entire judgment. It can and will be reformed in this respect.

Appellee presents a number of cross-assignments of error, which go to the action of the court in refusing to quash the writ of garnishment for certain specified defects, and in permitting appellant to amend so as to cure the defects, but we think it cannot be material now to pass upon those questions, inasmuch as the judgment is for appellee, which of course renders of no effect any of the garnishment proceedings.

Reformed and affirmed, with costs of appeal taxes against appellee.