**BARRETT et al. v. CRAFT et al.**

No. 4283.

Court of Civil Appeals of Texas. Texarkana.
Feb. 9, 1933.

Rehearing Denied Feb. 16, 1933.

S. F. Leslie, of Bonham, for appellant Barrett.

Cunningham & Lipscomb, of Bonham, for appellant Craft.

Couch & Couch, of Bonham, for appellees Mitchell and Ferguson.

JOHNSON, Chief Justice (after stating the case as above).

Ira Barrett, by twelve assignments of error, complains of the findings and the judgment of the court against him and in favor of J. A. Craft and H. A. Craft to the J. A. Craft one-third interest in the Leonard Platform Company partnership property. In support of his claim to this property, Ira Barrett introduced in evidence the following bill of sale:

"State of Texas, County of Fannin.
"Know All Men by These Presents:
"That, whereas, by virtue of a certain execution issued out of the district court of Fannin county at Bonham, No. ———— for the county of Fannin, state of Texas, in favor of the Guaranty State Bank, Trenton, Texas, and against J. A. Craft, on a certain judgment rendered in said court on the 12th day of September, 1923, and directed and delivered to me as constable of precinct 3, Fannin county, commanding me, I, J. D. Albright, constable as aforesaid, did on the

11th day of October, 1930, levy upon and take in my possession, the property hereinafter described and after advertising the same as required by law, I did on the 29th day of October, 1930, within the hours prescribed by law, at public sale to the highest bidder, sell said property at public vendue, when the same was struck off to Ira Barrett for the sum of $500.00, the receipt of which is hereby acknowledged, I, J. D. Albright, constable as aforesaid, have sold, and by these presents do bargain, sell and deliver unto the said Ira Barrett all the right, title and interest, which the said J. A. Craft had on the 29th day of October, 1930, in and to the following described property, to-wit: One-third interest in cotton platform owned by E. D. Mitchell, O. S. Ferguson and J. A. Craft at Leonard, Texas, this for the one-third interest in said cotton platform of J. A. Craft at Leonard, Texas, on railroad property, to have and to hold unto the said Ira Barrett, his heirs and assigns forever, as fully as I as constable aforesaid, can sell, transfer and dispose of it by virtue of said sale.

"In testimony I have hereunto set my hand this 30th day of October, 1930.

"J. D. Albright, Constable, Precinct 3, Fannin County, Texas."

No judgment or execution was offered in evidence in support of this bill of sale.

"A sheriff's deed [or bill of sale, though] reciting that it was made by virtue of an execution issued on a judgment is insufficient to support title without evidence of the judgment or execution." Atkinson v. Citizens' State Bank of Giddings (Tex. Civ. App.) 221 S. W. 998; Richards v. Rule (Tex. Com. App.) 207 S. W. 912; Flenniken v. Foote (Tex. Civ. App.) 270 S. W. 903.

It further appears in evidence that no levy was made by giving notice to one or more of the partners or clerk of the partnership of the Leonard Platform Company, required by article 3796, R. S., for levying an execution upon the interest of a partner in partnership property. Middlebrook v. Zapp, 79 Tex. 321, 15 S. W. 258; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994. The trial court correctly held that Ira Barrett showed no interest in the property, and his assignments are overruled.

 As to the $345.25 paid by E. D. Mitchell to Ira Barrett out of the Leonard Platform Company partnership funds under and by virtue of the garnishment judgment, it appears that the judgment, referred to in the writ and a judgment in garnishment, was the individual debt of J. A. Craft, and E. D. Mitchell's possession of the funds was as member and treasurer of the Leonard Platform Company partnership. J. A. Craft was not entitled to possession, or payment, of any of such funds at the time. They were partnership funds in possession of the partnership, subject to the operating expenses and other obligations of the partnership, and not the subject of garnishment proceedings for the individual debt of J. A. Craft.

"The funds and effects of a partnership are not liable to garnishment for the debt of an individual member. This principle is based upon the theory that the assets of the partnership constitute a trust fund for the satisfaction of partnership creditors, and until the settlement of the partnership business a member of the firm has no specific interest that may be appropriated to the satisfaction of his debt." 20 Tex. Jur. § 19, p. 720; Brown v. Cassidy-Southwestern Commission Co. (Tex. Civ. App.) 225 S. W. 833; Belva Oil Co. v. Lowe (Tex. Civ. App.) 27 S.W.(2d) 599.

Payment out of the partnership funds by E. D. Mitchell to Ira Barrett by reason of the illegal garnishment judgment against E. D. Mitchell as garnishee would not be a defense to the claim of J. A. Craft, the judgment debtor. Shoemaker v. Pace (Tex. Civ. App.) 41 S. W. 498; Johnson v. Hall (Tex. Civ. App.) 163 S. W. 399. Should E. D. Mitchell's answer to the garnishment writ be treated as answering for the partnership as well as for himself, it would be a voluntary answer as respects the partnership, and the court would not thereby acquire any jurisdiction over the partnership funds. Insurance Co. of North America v. Friedman, 74 Tex. 56, 11 S. W. 1046. The assignment by J. A. Craft to H. A. Craft of his interest in the partnership funds, though placed in the mortgage and thereby placed of record, was by the court correctly held not to be such an instrument as is by statute authorized or required to be placed of record, and its registration in this manner was not constructive notice to any one. However, the assignment not being such as is required to be recorded, constructive or actual notice of the assignment was not necessary.

"The service of a writ of garnishment impounds only such debt or debts as the garnishee in fact owes to the defendant in garnishment at the time. It does not impound debts owed by the garnishee, which, prior to the service of the writ, have passed by valid assignment from the defendant to another. This is true whether the garnishing creditor has any notice * * * or not." Adams v. Williams, 112 Tex. 469, 248 S. W. 673, 676; South Texas Lbr. Co. v. Nicoletti (Tex. Civ. App.) 54 S.W.(2d) 893.

Judgment of the trial court denying H. A. Craft and J. A. Craft judgment against E. D. Mitchell, and in denying J. A. Craft judgment against E. D. Mitchell and Ira Barrett, and in denying E. D. Mitchell judgment against Ira Barrett, for the $345.25, is reversed and here rendered in favor of H. A.

Craft and J. A. Craft against E. D. Mitchell and in favor of J. A. Craft against E. D. Mitchell and Ira Barrett for $345.25 and for a like amount in favor of E. D. Mitchell, on his cross-action against Ira Barrett. The judgment of the trial court in all other respects is affirmed. The costs of this appeal and of the trial court are taxed against E. D. Mitchell and Ira Barrett, except the cost of the foreclosure proceedings incurred by H. A. Craft, which is taxed against J. A. Craft.