## BEGGS v. BROOKER et al.
### No. 13035.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 21, 1934.

Rehearing Denied Feb. 1, 1935.

H. A. Turner, of Fort Worth, for appellant.

Slay & Simon and Thorpe A. Andrews, all of Fort Worth, for appellees.

LATTIMORE, Justice.

This is an appeal from a judgment denying appellant, plaintiff below, judgment in garnishment.

W. H. Slay and U. M. Simon, who are all the partners in the partnership firm of Slay & Simon, attorneys at law, were sued by appellant upon a note executed by them jointly and severally but not in a partnership transaction. At the time of the suit this law firm was attorney for the trustees of an estate attempted to be created by will, in a suit to annul that will brought by the heirs of the testator. The garnishees are those who are the named trustees in the will. They denied liability, and this was controverted by appellant, who alleged the garnishees were indebted to defendant for attorney fees in defending that annulment suit which is and was then pending.

The evidence showed that after the writ was executed and before the appearance day named therein, garnishee Mrs. Tina Brooker Fite paid to Slay & Simon $2,625 on said attorney's fees which was due at the time the writ was served on her. The trust, as provided in the will, was to continue for many years, free of any supervision by the probate court and with title and possession of the estate vested in the trustees and the management, control, and disposition of the corpus thereof left exclusively to the trustees.

■ We think such trustees are subject to garnishment. The funds of the estate in their hands are not in custodia legis. Gibson v. Gray, 17 Tex. Civ. App. 646, 43 S. W. 922. Pendleton v. Hare (Tex. Com. App.) 231 S. W. 334, is not in point, for the question here is not whether the trustees are authorized to employ attorneys and pay them out of the trust funds, but is rather whether, admitting such could be done as held in the Pendleton Case, such funds can be impounded in garnishment. The trustees employed these attorneys and agreed to pay them only out of the funds of the Brooker estate. The agreement of Slay & Simon that they would seek compensation only from a particular fund in the control of the trustees does not alter the fact that within those limits the trustees are obligated to pay. Longhart Supply Co. v. Zweifel (Tex. Civ. App.) 39 S.W.(2d) 959; Taylor v. Mayo, 110 U. S. 330, 4 S. Ct. 147, 28 L. Ed. 163. The trustees are not agents; they are the principals. They ask authority of no one in the performance of their functions as trustees. Bank of Washington v. Ry. Co. (Tex. Civ. App.) 293 S. W. 599; Callaghan v. Grenet's Estate, 66 Tex. 236, 18 S. W. 507. In the latter case it is said: "His (independent executor) contracts for attorney's fees and other expenses incurred in its management could be enforced against him by suit." What Slay & Simon may have on execution, under a judgment at law for debt, may also be garnished as far as any defense of trusteeship of this estate is concerned.

■ It is generally held that garnishment may not be used to impound partnership assets in a suit against one of the partners on his individual debt. Raley v. Smith (Tex. Civ. App.) 73 S. W. 54; Brown v. Cassidy-Southwestern Commission Co. (Tex. Civ. App.) 225 S. W. 833; and numerous other cases there cited. Such rule rests on the fact that the amount of any partner's interest, if any, in the partnership assets requires an accounting, and it is not thus known whether that individual partner is actually entitled to any interest in the fund garnished until final adjustment of all the partnership accounts, and a statutory proceeding, such as garnishment, is not adapted to adjudicate such proceedings in equity. Drake on Attachment, p. 507. But this reason does not apply to the instant case, for here each of the partners is jointly and severally liable to appellant. A partnership has no legal entity. It exists only as its individual members exist. A suit against this partnership would be against W. H. Slay and U. M. Simon. Their liability would be joint and several. This suit is thus filed and such is the liability. When the reason for the rule fails, the rule should fail. Some of the cases suggest that the partnership assets are a trust fund for the partnership creditors [Barrett v. Craft (Tex. Civ. App.) 57 S.W.(2d) 387], and give this as a reason why a creditor of one partner cannot garnish a debtor of the partnership. We have no criticism of the decision, but the reason must be received cautiously and with full understanding of its limitations. 32 Tex. Jur. 362. It is not true that partnership assets may not be subjected to individual debts of one of the partners. In Grabenheimer v. Rindskoff Bros., 64 Tex. 49, Gumbel, on a note signed by one of the partners, but not a partnership transaction, attached a partnership stock of goods. The partnership creditors sought to have themselves preferred to the attachment lien by virtue of their status as partnership creditors. Our Supreme Court said, in passing on the ruling on demurrers: "It was a matter of no consequence whether the plaintiffs were partnership or separate creditors unless the supposed partnership was insolvent," citing White v. Parish, 20 Tex. 688, 689, 73 Am. Dec. 204, where it is said: "While the partnership is solvent and going on, it is well settled the creditors have no equity, strictly speaking, against the partnership effects. Neither have they any lien on the partnership effects for their debts. All that they can, or may do, is to proceed by an action at law for their debts, against the partners; and having obtained judgment therein, they may cause the execution, issuing upon that judgment, to be levied upon the partnership effects, or upon the separate effects of each partner, or upon both."

■ The right of application of partnership assets to partnership debts is a right which

partners themselves have. Wiggins v. Blackshear, 86 Tex. 665, 667, 26 S. W. 939, 940, wherein it is said:

"This right is sometimes said to give every partner an equitable lien on firm assets, as well to secure him against several liability for firm debts as to secure to him his proper share of the firm assets on dissolution; but creditors' of a partnership have no lien or other claim on partnership assets which can prevent the members of the firm from disposing of those in any manner or to whomsoever they may deem proper, provided that such disposition is not fraudulent.

"That a partnership creditor has no specific lien, either legal or equitable, upon partnership assets, any more than any individual creditor has upon the estate of his debtor, is so firmly established that citation of authority in support of the proposition is useless. * * * 'If the partners are not themselves in a condition to enforce an equitable lien upon the partnership property, the creditors of the partnership cannot enforce a lien derived from them or from one of them. The equity of the partnership creditor continues so long as the equity of the individual partner continues, and no longer.' "

■ Here the partners are in no position to make any such demand. They are each liable for Beggs' debt just as if it were a partnership debt, and no contention is made that the partnership is insolvent. If we should deny appellee this garnishment, he would be compelled to follow the statutory remedy of execution. Such execution being against all the partners would seize all the partnership assets sufficient to satisfy his judgment. That would include the debt due by the Brooker estate. We see no reason to require appellee to travel any such circuitous route, to the same end.

■ The services contemplated by the contract of defendant attorneys with the Brooker trustees were in part unperformed. However, by the contract, this $2,625 portion of the fee was due and payable. The services of attorneys are personal, but there is nothing of that nature in the payment of money. The contract of employment bound appellants Slay and Simon to represent the trustees in all appeals and retrials of the annulment case for a total fee of $7,750, payable $1,250 on appeal to the district court, $2,625 at the beginning of the trial in the district court. That latter trial had begun when the garnishment was served. There were no conditions attached to the payment promised on that event. The attorneys might quit the case because of the garnishment. They might also have quit the case upon receiving the cash if the garnishment had not issued. But one is no more an excuse for the money not being due than the other. The contractors in so agreeing to pay assumed that risk.

■ After the institution of the annulment proceedings and prior to the appeal to the district court, the probate court appointed Tina Brooker Fite, who was one of the trustees and the manager of the estate for the trustees, temporary administratrix. After the writ of garnishment was served upon her, she, claiming to act as temporary administratrix, paid Slay & Simon the $2,625. No authority is shown to have been granted her to make such payment and probably none could have been given to a temporary administratrix. The annulment contest had nothing to do with the preservation of any of the assets of the deceased Brooker. It was wholly a contest as to who would inherit. The trustees, as such, owed it as a part of their effort to sustain the will and to prevent the heirs by descent from receiving the dead man's property.

■ The writs ran against the garnishees in their actual names without any designation therein of their character as trustees of the Brooker estate. What we have pointed out above disposes of this objection. The trustees were liable to pay Slay & Simon—liable to pay only out of a particular fund because they had so contracted with Slay & Simon—but none the less it was a personal obligation within those limits which arose by contract and not by operation of law; the debt is not fastened on them by any direction of any superior authority. It is their own. Caldwell v. Young, 21 Tex. 800, 801; Kennedy v. Briere, 45 Tex. 305. Sun Mutual Ins. Co. v. Seeligson, 59 Tex. 3, 4, is not in point. The return in that case was defective on unrelated issues.

The application for the writ of garnishment alleged by name those who were claimed to be indebted to Slay & Simon. They were all the trustees named in Brooker's will. We think the writ was sufficient to impound the $2,625 which was due from the trustees of the J. N. Brooker estate to Slay & Simon. Moreover, the answer was in any event not correct, for the trustees answered that they knew no one who was indebted to defendants. If their contention in this appeal is correct, they certainly knew that they, as trustees, were indebted and did not so answer.

This court takes judicial knowledge of its own decrees, and as such we know that this court holds invalid the will of J. N. Brooker creating the trust estate, the trustees of which are the garnishees. For that reason only we hold that the judgment of the trial court must be affirmed. If the trust estate had no legal existence, then the fund from which the defendants agreed to confine their expectation of pay never has been in existence. A writ of error has been applied for in that annulment case.

The judgment of the trial court is affirmed.