Zolton **GOTTESMAN**, Appellant,

v.

Sam **TOUBIN** et al., Appellees.

No. 13868.

Court of Civil Appeals of Texas.

Houston.

Jan. 18, 1962.

Rehearing Denied Feb. 8, 1962.

Arthur Mitchell, Austin, for appellant.

Richard Spinn, W. J. Embrey, Brenham, for appellees.

WERLEIN, Justice.

This is an appeal by Zolton Gottesman, Garnisher, appellant, from a judgment of the District Court of Washington County, Texas, discharging Sam Toubin, Garnishee, appellee herein, from any liability in the garnishment proceeding.

Prior to this garnishment proceeding, appellant recovered a final judgment for $27,-500.00 in the District Court of Wharton County, against A. H. Toubin and Irwin Milner. Thereafter, appellant filed his application for a writ of garnishment in the District Court of Wharton County, directed to appellee, individually, a resident of Washington County. Other pleadings were filed which are referred to in the opinion of the Waco Court of Civil Appeals in Gottesman v. Toubin, Tex.Civ.App., 326 S.W.2d 586, affirming the judgment of the District Court of Wharton County sustaining appellee's plea of privilege and transferring the garnishment proceeding to the District Court of Washington County.

Subsequent to said order of transfer entered July 29, 1958, appellee filed a motion in which he asked for judgment and that the garnishment proceedings be dismissed. In such motion he alleged in substance that although the affidavit requesting the issuance of a writ of garnishment shows on its face that the judgment was against two defendants, it fails to state that neither of the two defendants has any property to the knowledge of the garnisher in the State of Texas, subject to execution sufficient to satisfy such

judgment. We have carefully examined the affidavit and have concluded that it is insufficient and that for such reason the garnishment proceedings were subject to being quashed upon motion by the garnishee. It is clear that the affidavit failed to negate under oath that neither of the judgment debtors had property in the state subject to execution. Buerger v. Wells, 1920, 110 Tex. 566, 222 S.W. 151; Smith v. City Nat. Bank, Tex.Civ.App.1911, 140 S.W. 1145, error ref.; Beggs v. Fite, 1937, 130 Tex. 46, 106 S.W. 2d 1039; 26 Tex.Jur.2d, p. 669, § 5.

Appellant contends that if the affidavit is not sufficient, the insufficiency thereof was waived by the garnishee. This contention calls for an examination of the record. The application for the writ was filed November 23, 1957 and served on appellee, Sam Toubin, on January 20, 1958. Instead of filing a motion to quash such affidavit because of its insufficiency, appellee filed an answer in which he stated in substance that he individually is not now nor was he at the time said writ of garnishment was served upon him, indebted to the said A. H. Toubin nor did he have in his possession any effects belonging to said A. H. Toubin. He pleaded facts, however, which we think established his individual liability, as follows:

"That Toubin Bros., a firm and copartnership has effects or funds in its possession belonging to said A. H. Toubin in the following respects: That A. H. Toubin was heretofore a member of the firm of Toubin Bros., a copartnership composed of Helen Toubin, Sam Toubin, Milton Toubin and A. H. Toubin, and in which he owned a 12½% interest, under a written partnership contract, which provided that when they found it necessary, the senior members of the firm would have the right and privilege to purchase the interest of the junior members of said firm, at the book value thereof; that it became necessary to eliminate the said A. H. Toubin from such firm and partnership, and under the terms of said contract, the senior members of the firm offered to and attempted to pur-

chase the interest of said A. H. Toubin, and tendered the book value price therefor, which he refused, and he refused to carry out and perform the terms of the partnership contract; that thereupon, on January 1st, 1956, the firm and partnership of Toubin Bros., was dissolved, and the book value of his interest therein, at the time and on said date, amounting to the sum of $14,156.13 was tendered to him, which he refused to accept; and thereupon, a new firm and partnership was formed composed of Sam Toubin, Helen Toubin, and Milton Toubin, and in which the said A. H. Toubin has no interest, but said firm and copartnership has in its possession the funds amounting to $14,156.13, allotted to said A. H. Toubin, and which from time to time have been tendered to him, and which he has refused to accept, and said funds are and were in the possession of the firm and partnership of Toubin Bros., when this writ of garnishment was served upon the said Sam Toubin; that he does not know of any person or persons who are indebted otherwise to said A. H. Toubin or have effects belonging to him in their possession."

He also prayed that A. H. Toubin be made a party to the suit in order that he might be bound by any judgment rendered and that the garnishee might be protected from any further liability by reason of having filed his answer, or by reason of any judgment of the court which might be rendered against A. H. Toubin. He further pleaded that he had had to employ attorneys to protect his interest and prayed for attorney's fees in the sum of $1,000.00. He then prayed that he be discharged from any liability individually under said garnishment, with his costs and attorney's fees.

Appellant filed an answer and cross-action, in which he did not controvert that appellee was not individually indebted to the judgment debtor, A. H. Toubin. He merely referred to the answer of appellee to the writ of garnishment and quoted what appellee had alleged with respect to the partner-

ship and A. H. Toubin, as hereinabove set out. He also prayed that citation be issued upon A. H. Toubin and that Toubin be made a party to the garnishment proceedings.

Thereafter, on March 10, 1958, A. H. Toubin and wife, Hadassah Toubin, filed an answer to the cross-action of appellant and alleged among other things that he, A. H. Toubin, had made an assignment to Daniel Schlanger, an attorney at law, of an undivided 15% in and to all the interest of the said A. H. Toubin in Toubin Bros., and that in October, 1956 he had transferred and assigned and conveyed to his wife as trustee for his minor children his remaining interest in said Toubin Bros. partnership. He denied that his 12½% interest in the partnership assets had a book value of only $14,156.13 and claimed that his interest was in excess of $100,000.00. He then alleged that Helen Toubin and Milton Toubin were indispensable parties, and prayed that they be cited and that he have judgment against them and Sam Toubin for 12½% of the assets of the partnership.

By a first supplemental petition appellant denied the priority of the assignments to Schlanger and Hadassah Toubin and alleged that any such assignments were fraudulent. On April 16, 1958 Milton Toubin and Helen Toubin filed an answer and prayed that they be dismissed from the suit on the ground that no writ of garnishment had issued to them or to the partnership. On May 12, 1958 appellant filed a second supplemental petition in reply to the answer of Milton Toubin and Helen Toubin, in which he alleged that they were indispensable parties in determining the amount owing A. H. Toubin by the partnership.

The record shows also that counsel for appellant offered in evidence two writs of execution issued before this cause was transferred to Washington County, but said writs of execution and the returns thereon are not contained in the record, and according to the court reporter were never delivered to him for inclusion in the statement of facts.

All of the foregoing proceedings occurred prior to the filing by appellee on March 28, 1960 of his motion for judgment in which he asked that he be discharged from the garnishment proceedings because appellant had not filed an affidavit controverting the garnishee's answer that individually he did not owe A. H. Toubin anything. He also alleged in such motion that the affidavit requesting the issuance of the writ of garnishment was fatally defective. There is nothing in the record to show that appellee's motion was ever called to the attention of the court or acted upon by the court until judgment was rendered by the court on April 4, 1961. Indeed, the record and judgment of the trial court fail to show that the court at any time considered or acted upon the matter of the defective affidavit.

The judgment recites that the garnishee's answer was controverted by appellant, without controverting Sam Toubin's denial of individual liability to A. H. Toubin; that A. H. Toubin and Hadassah Toubin also did not controvert the fact that Sam Toubin was not individually liable to A. H. Toubin, but instead sought a partnership accounting, making Helen Toubin and Milton Toubin parties to the suit. The judgment also recites that interventions were filed by T. E. Dunnam and by M. M. Rattner; and that Sam Toubin had filed a motion to be dismissed from all liability in the garnishment proceedings, based on his answer that he was not individually liable.

The entire matter was heard by the court on January 2, 1961 and all parties were given until March 6, 1961 in which to file trial briefs. Thereafter on April 4, 1961 judgment was entered by the court finding that A. H. Toubin and wife had taken a nonsuit as to their cross-action which was granted; that the plea in abatement filed by Helen Toubin and Milton Toubin should be granted; that the intervenors, T. M. Dunnam and M. M. Rattner, should be dismissed from the proceedings on the motion of Sam Toubin, garnishee; that the said Sam Toubin was entitled to be discharged

from the proceedings and that the garnisher take nothing and that the garnishee recover of appellant the sum of $750.00 stipulated as reasonable attorney's fees.

■ In our opinion the trial court erred in rendering judgment based upon appellee's answer that he individually was not indebted to A. H. Toubin in any amount. Appellee's answer, after denying individual liability, clearly states that A. H. Toubin had a 12½% interest in the old partnership which was dissolved and that he had never been paid the sum of $14,156.13 which was owing him. The Articles of the old partnership, introduced in evidence, give the senior members, one of whom was Sam Toubin, upon a disagreement arising between them and the junior partners, one of whom was A. H. Toubin, the right to buy the junior partner's interest at its book value, and the junior partner agrees to sever his connection with the partnership. This was in effect done, although A. H. Toubin refused to accept the amount due him. He did not become a partner in the new firm, nor did he authorize his former partners to put the amount owing him in the new firm.

From appellee's answer it appears evident that the affairs of the old partnership had been wound up, and that there were not outstanding claims of creditors that might be entitled to priority, for otherwise appellee could not have stated definitely, as he did, that the value of the interest of A. H. Toubin was $14,156.13. The general rule applicable to the facts of the instant case is stated in Burdick on Partnership, 346, as follows: "They [the individual creditors of a partner] have a right to his individual interest only, and this, as has been stated repeatedly, is his share of what may remain after payment of the partnership debts, and after a settlement of the accounts between the partners." See First Nat. Bank of Horton v. Schuetz, 1918, 103 Kan. 229, 173 P. 278; Diversified Fruit Farms v. Johnson, Tex.Com.App.1933, 58 S.W.2d 73. The creditor may put himself exactly in the place of his debtor who is a partner in the firm. He may attach the interest of the debtor partner in the partnership property—all subject to payment of partnership debts. See Parsons, The Law of Partnership, 2nd Ed. 1870, p. 365, § 352.

■ It is our view that under the facts pleaded by appellee, A. H. Toubin became a creditor of the partners composing the new firm, to the extent of the amount owing him since his funds were turned over by them to the new firm. Diversified Fruit Farms v. Johnson, supra. The partners in the new firm became and are jointly and severally liable to A. H. Toubin both as trustees and creditors. 68 C.J.S. Partnership § 251, p. 747; Goldman v. Marcus, 1891, 4 Willson Civ.Cas.Ct.App. § 208, 15 S.W. 412. As liquidating partners they are under a duty to pay A. H. Toubin the amount owing him. We know of no reason why a liquidating partner should be under less obligation to account to an ousted partner than a surviving partner to the estate of his deceased partner. See Dial v. Martin, Tex.Civ.App., 37 S.W.2d 166, reversed on other grounds, 57 S.W.2d 75, 89 A.L.R. 571. Since they are under a duty jointly and severally to pay A. H. Toubin, they are each subject to garnishment. Beggs v. Brooker, Tex.Civ.App., 79 S.W.2d 642, affd. Beggs v. Fite, 1937, 130 Tex. 46, 106 S.W.2d 1039; O. S. Kelly Co. v. Zarecor, Tenn.Ct.Chan. App., 62 S.W. 189; 71 A.L.R., p. 87.

It will be noted also that it was stipulated by the parties that the old partnership was dissolved January 1, 1956, and that the funds *due and owing* A. H. Toubin following the dissolution are in the bank in the hands of the new partnership; that appellant had not received any funds or payment on the judgment, and that he is the legal holder thereof. In Thompson v. Fulton Bag and Cotton Mills, 1956, 155 Tex. 365, 286 S.W.2d 411, the court said: "The scope of the inquiry in a writ of garnishment is broad enough to impound funds of the debtor, held by the garnishee, even though title thereto stands nominally in a third person. Rule 661, Texas Rules of Civil Procedure."

■ The burden of proof rested on appellant to prove by a preponderance of evi-

dence that the money in question was the money of A. H. Toubin. Nesbit v. Dallas Bank & Trust Co., Tex.Civ.App.1935, 82 S. W.2d 692. It is our view that appellant established by uncontroverted evidence that the amount of $14,156.13 was owing A. H. Toubin and that it was in the hands of his former partners.

We are not unmindful of the general rule that a partnership fund is not subject to garnishment for the individual debt of a member of the firm, especially where the firm's assets are insufficient to satisfy its debts. Brown v. Cassidy-Southwestern Commission Co., Tex.Civ.App.1920, 225 S. W. 833; Barrett v. Craft, Tex.Civ.App. 1933, 57 S.W.2d 387; Farmers' Nat. Bank of Dublin v. Carmony, Tex.Civ.App.1933, 62 S.W.2d 1115. Such rule is inapplicable to the present case, in that the funds owing A. H. Toubin for his interest in the old dissolved firm, the affairs of which had evidently been wound up, are not subject to claims of creditors of the old firm since such claims had been satisfied as evidenced by the garnishee's admission of the exact amount due Toubin. The money belongs to A. H. Toubin. It does not constitute assets of the new partnership, and is not subject to claims of creditors of the new partnership.

In Mackey v. Lucey Products Corp., 1951, 150 Tex. 188, 239 S.W.2d 607, our Supreme Court held that the rule laid down in Buerger v. Wells, supra, and similar cases, did not apply where one of the judgment debtors was dead, and under such circumstances the issuance of an execution against his estate would have accomplished nothing toward reducing the original judgment. Although it was not shown in the instant case that Milner was dead, or that he was a fugitive, or that he had no property in the State of Texas subject to execution, it was stipulated by counsel that appellant had not received any funds or payment on the judgment held by him against Toubin and Milner.

It is our view that appellee waived the insufficiency of the affidavit by failing to file a motion to quash the proceedings and by proceeding to trial without calling to

the attention of the court the matter of the defective affidavit and obtaining a ruling thereon.

We think the defect in the affidavit is not fundamental or jurisdictional, but is one that may be waived. It does not render the garnishment proceeding void. This is clearly implied in the holdings in Reinertsen v. E. W. Bennett & Sons, Tex.Civ.App.1916, 185 S.W. 1027, error ref.; Mackey v. Lucey Products Corp., supra; Smith v. Miller, Tex.Civ.App.1957, 298 S.W.2d 845, writ ref., n. r. e.; Goodbar v. City Nat. Bank, 1890, 78 Tex. 461, 14 S.W. 851; Seinsheimer v. Flanagan, 1897, 17 Tex.Civ.App. 427, 44 S.W. 30, error ref. The trial court had jurisdiction over the funds and the various claimants. Home Improvement Loan Co. v. Brewer, Tex.Civ.App.1958, 318 S.W.2d 673, writ ref., n. r. e.

Since the case was tried on the wrong theory with respect to Sam Toubin's individual liability, and for that reason not fully developed, we think in the interest of justice it should be reversed and remanded for a new trial, thereby giving appellant and any others claiming an interest in the fund an opportunity to prove up their respective claims if such they have.

Reversed and remanded.